JAMES WALSH

*v.*

THE PEOPLE *ex rel.* Julian T. Rumsey, Etc.

1.  AMENDMENTS—*in proceeding for judgment against delinquent lands— in case of double assessment.*  In proceedings for judgment against delinquent lands for taxes, all amendments may be allowed which, by law, could be made in any personal action in the court.

2.  Where the north half of the south half of the south-west quarter of a block was assessed at a certain sum, and the south half of the south-west quarter of the same block was also assessed at the same sum, the owner of the north half of south half of south-west quarter resisted a judgment for taxes, on the ground that there was a double assessment.  The court dismissed the proceeding as to the south half of the south-west quarter,

and rendered judgment against the north half of the south half of south-west quarter: *Held,* that the action of the court was authorized by the statute, which declares that the court shall hear and determine all objections in a summary way, without pleading, and shall pronounce judgment as the right of the case may be.

3. Where a party contests the right of the people to have judgment against his property for taxes because it has been doubly assessed, and the court permits an amendment by which the ground of the objection is removed, that is all he is equitably entitled to.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CHARLES M. STURGESS, for the appellant.

Mr. JOHN M. ROUNTREE, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Appellant appeared in the county court and resisted judgment for taxes against his property, on the ground it had been doubly assessed. It is shown the south half of the south-west quarter of block 45, Kenzie's addition to Chicago, was owned by different parties. The north half of the south half of the south-west quarter of the block owned by appellant was assessed at $224.20, and the south half of the south-west quarter of the block at a like amount. As the record stood this made a double assessment of appellant's property, but how the mistake was made does not appear. Manifestly the latter description is a mere clerical error. It was no doubt intended to describe the latter tract as the south half of the south half of the south-west quarter of block 45. This is apparent from the context. It is hardly probable the whole tract would have been assessed at precisely the same amount as the north half.

On the hearing the court dismissed the proceeding as to the south half of the south-west quarter of the block. This relieved appellant's property from a double assessment, and the

court therefore properly rendered judgment as it did. The action of the court was authorized under the statute, which declares "the court shall hear and determine all objections in a summary way, without pleadings, and shall pronounce judgment as the right of the case may be." In proceedings for judgment against delinquent lands for taxes, "all amendments may be made which by law could be made in any personal action pending in such court." R. S. 1874, p. 889, sec. 191. Under the plenary powers conferred, the amendment allowed was within the discretion of the court to enable it to render judgment "as the right of the case may be." What just cause has appellant to complain of the action of the court? He contested the right of the people to have judgment against his property for taxes, because it had been doubly assessed. The amendment permitted by the court removed the ground of the objection, and that was all he was equitably entitled to.

There is no foundation for any complaint that appellant's property is made to bear more than its equal burden of taxation. Whether the other half of-the property may not have been elsewhere described in the application, and judgment rendered for the taxes due, or whether it may not have been regularly assessed and the taxes previously paid, does not appear from anything in this record. Nothing to the contrary appearing, we will presume the property, in some appropriate manner, was made to bear its just proportion of the taxes authorized to be assessed. But whether it did or not, is not a matte atthr appellant can set up as a defense to a judgment against this property for the taxes justly due and that had been regularly assessed under the forms of the law.

Appellant seems to think this tax is in some way "essentially a fraud on the citizen upon whose property it is charged," but in what manner we are unable to comprehend. The judgment against his property is but for a single assessment, and for no greater amount of taxes than the just proportion due upon it.

The action of the court was clearly warranted by the statute, and its judgment must be affirmed.

*Judgment affirmed.*