DAVID HOOVER

*v.*

THE PEOPLE *ex rel.* W. E. Peabody.

*Opinion filed December 22, 1897—Rehearing denied February 15, 1898.*

1. SPECIAL TAXATION—*judgments for special taxes are in rem, and several against each tract.* Judgments for special taxes are *in rem,* and can lawfully operate only against the particular tract or lot of land against which the taxes were assessed.

2. SAME—*appearing and defending application for sale does not subject owner to personal judgment.* A lot owner, by appearing and defending an application for judgment of sale for delinquent special taxes, does not subject himself to a judgment *in personam,* nor to a judgment which charges upon one of his lots or parts of lots the tax assessed against another lot or tract.

3. SAME—*judgment ordering sale of lots for total taxes assessed against all is unauthorized.* A judgment of sale for delinquent special taxes which imposes upon each of two separate properties taxes assessed and levied upon the other, and which orders that each or both be sold for the total amount assessed, is unauthorized, and cannot be sustained on appeal.

4. SAME—*part of section 3 of Sidewalk act of 1875 is unconstitutional.* The provisions of section 3 of the Sidewalk act of 1875 (Laws of 1875, p. 63,) are unconstitutional in so far as they purport to create a personal liability against the owner of a lot against which special taxes are assessed to pay for the construction of a sidewalk.

5. SAME—*when report of unpaid sidewalk tax is insufficient.* The report by a city clerk to the county treasurer of unpaid special sidewalk tax, which is so insufficient in description of the property, and in other respects, as not to be equivalent to the report required by section 4 of the Sidewalk act, (Laws of 1875, p. 64,) and to show that the legal requirements relating to the return had been complied with and that the tax was due and unpaid, does not make a *prima facie* case on application for judgment.

6. AMENDMENTS—*when copy of ordinance may be filed before hearing, as amending unpaid tax report.* Where the report of the city clerk to the county treasurer of unpaid special sidewalk tax is not accompanied by a copy of the ordinance for the improvement, as required by section 4 of the Sidewalk act, (Laws of 1875, p. 64,) the court may allow such copy to be filed, before the hearing, as an amendment of the report.

7. MUNICIPAL CORPORATIONS—*general sidewalk ordinance may be incorporated in subsequent ordinance by reference.* A general ordinance adopted by a city, providing that all sidewalks shall thereafter be

built by special taxation, upon a fixed basis respecting the proportion to be borne by the city and the owners, and which provides, in detail, the manner of construction, and that special ordinances may be passed from time to time locating such walks, may be incorporated, by reference, into a subsequent ordinance specifying the places where sidewalks are to be built by special taxation. .

8. SAME—*effect where sidewalk ordinance provides for giving notice to owners to build walk.* A special taxation ordinance for the building of sidewalks need make no provision for notifying property owners to construct their portions of the walk, but where such ordinance makes it the duty of the street commissioner to serve such a notice, the city, on application for judgment of sale for the tax, must show affirmatively that such ordinance has been complied with.

APPEAL from the County Court of Christian county; the Hon. LYMAN G. GRUNDY, Judge, presiding.

J. C. McBRIDE, for appellant.

A. H. RANES, City Attorney, E. A. HUMPHREYS, State's Attorney, and JOHN E. HOGAN, for appellee:

It is proper to permit amendment to every irregularity or informality in assessment rolls, or any of the proceedings connected with the assessment, levy and collection of taxes. Starr & Curtis' Stat. sec. 193, p. 3471; *Mix* v. *People*, 106 Ill. 426.

Failure of a town collector to return a delinquent list to the county collector, under oath, does not affect the jurisdiction of the court to render judgment for taxation. *Fisher* v. *People*, 84 Ill. 491.

Error or informality in the proceedings, or in the acts of officers connected with the assessment, levy and collection of taxes, not affecting the substantial justice of the tax itself, will not vitiate. *Edwards* v. *People*, 88 Ill. 340; *Railway Co.* v. *Surrell*, id. 535; *DuPage County* v. *Jenks*, 65 id. 275; *Union Trust Co.* v. *Weber*, 96 id. 346; *Railway Co.* v. *People*, 141 id. 483; *Coal Co.* v. *People*, 157 id. 543; *Railroad Co.* v. *People*, 147 id. 9; *Smith* v. *People*, 149 id. 549.

The burden of overcoming the *prima facie* case made by the clerk's return is upon the objector, and the evi-

dence must be clear and explicit. *Railway Co.* v. *People*, 116 Ill. 401; *Railway Co.* v. *People*, 119 id. 207.

Where the tax is a particular kind, and all unpaid, judgment may be rendered for the aggregate sum. *Railway Co.* v. *People*, 119 Ill. 207.

All residents of a city are charged with notice of the contents of all ordinances passed for its government and welfare. *Mather* v. *Ottawa*, 114 Ill. 660.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal prosecuted to bring in review proceedings had in the county court of Christian county in the matter of the application of the county treasurer of said county for judgment for unpaid special taxes levied for the purpose of constructing sidewalks upon certain streets of the city of Taylorville.

The appellant, Hoover, owned two separate parts of lots, against each of which judgments were asked for alleged unpaid special taxes levied against them separately. Various objections were presented by the appellant in the county court and are renewed in this court, but it is not necessary we should notice all of them.

It is conceded by counsel the judgment appealed from is the total amount due for the whole of such alleged special taxes, which had been assessed and levied in separate amounts upon two different lots or parts of lots. The effect of the judgment was, therefore, to impose upon each of the separate properties taxes assessed and levied upon the other, and to order that each or both be sold for the total amount of taxes assessed and levied against both. Such a judgment is wholly unauthorized. Judgments for special taxes are *in rem*, and can only lawfully operate against the particular tract or lot of land against which the taxes were assessed. We held in *Craw* v. *Village of Tolono*, 96 Ill. 255, and *City of Virginia* v. *Hall*, id. 278, that the provisions of section 3 of the act in force July 1, 1875, authorizing cities and towns to collect spe-

cial taxes wherewith to defray the cost of local improvements, (Laws of 1875, p. 63,) were unconstitutional, so far as they purported to create personal liability of the owner of the lot or part of lot against which the assessments were levied to pay such taxes. The appellant, the lot owner, appeared and defended, but did not thereby subject himself to a judgment *in personam*, but in such applications the only judgment which may be lawfully entered is against the property upon which the taxes are assessed. (*People* v. *Dragstran*, 100 Ill. 286.) Nor does an owner so defending subject himself to a judgment which charges upon one of his lots or parts of lots the tax assessed against or levied upon another lot or tract. The judgment appealed from must be reversed.

It is proper, as the question has been raised and argued by counsel, and as the application must again be heard by the county court upon the order of this court remanding it, that we should notice the objections urged against the report made by the city clerk to the county treasurer of the lands and lots against which the special taxes in question remained unpaid.

Section 4 of the act of April 15, 1875, (Hurd's Stat. 1889, p. 296,) provides: "Upon failure to collect such special tax as heretofore provided in this act, it shall be the duty of said clerk, within such time as such ordinance may provide, to make report of all such special tax, in writing, to such general officer of the county as may be authorized by law to apply for judgment against, and sell, lands for taxes due county or State, of all the lots or parcels of land upon which such special tax shall be so unpaid, with the names of the respective owners thereof, so far as the same are known to said clerk, and the amount due and unpaid upon each tract, together with a copy of the ordinance ordering the construction of said sidewalk, which report shall be accompanied by the oath of the clerk that the list is a correct return of the lots and parcels of land on which the special tax levied by

authority of said city, town or village for the cost, or partial cost, (as the case may be,) of the sidewalk in said ordinance specified, remains due and unpaid, and that the amounts therein stated as due and unpaid have not been collected, nor any part thereof. Said reports, when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making such return have been complied with, and that the special tax, as mentioned in said report, is due and unpaid."

The report of the clerk in the case at bar consists of the original warrant issued by said city clerk to the city marshal of the city of Taylorville, commanding the said marshal to collect from the appellant the sum of $124.74, being the special taxes levied against the two pieces of property, upon which warrant is endorsed the return of the marshal to the effect he had demanded payment of said sum of appellant and that payment had been refused. The warrant contained what is alleged to be a description of the property, as follows, to quote from the warrant: "Being the special tax levied against the following described real estate, to-wit: For construction of concrete sidewalk east of lot 12, block 22, original town (now city) of Taylorville, 96-3x8c-770 square feet at 14c, $107.80; 35-6x7-1, 251 square feet at 14c, $35.14; 10-0x7-7, double strength, 75 square feet at 25c, $18.75; excavation, 18½ yards at 25c, $4.65; total, $166.32." The warrant was accompanied by an affidavit of the city clerk, as follows:

"STATE OF ILLINOIS, ⎱
*County of Christian.* ⎰

"I, J. F. Henson, city clerk of the city of Taylorville, do hereby certify that the above and foregoing is a true and correct copy of the names and descriptions of lots and amounts due and unpaid on the same, all in the city of Taylorville, on the 21st day of January, A. D. 1897.

.     J. F. HENSON, *City Clerk.*

"Subscribed and sworn to before me this 21st day of January, 1897.          W. E. PEABODY, *County Treasurer.*

"Filed January 21, 1897.—W. E. PEABODY, *County Treasurer.*"

We cannot regard this as a sufficient compliance with said section 4 to make the report *prima facie* evidence that all the forms and requirements of law in making such return have been complied with, and that the special tax mentioned in said report is due and unpaid, as is provided by the said section shall be the legal effect of a report made by the clerk in compliance with the provisions of the section. The description of the property in the warrant is wholly insufficient to identify it and authorize the rendition of a judgment,—and this defect is in nowise aided by the affidavit of the clerk. In other respects, so glaring and obvious as not to demand specification, the warrant and affidavit of the clerk are insufficient to justify their reception as equivalent to the report required to be made by the statute and as constituting a *prima facie* case for the treasurer, as is provided shall be the legal effect of the report of the clerk when made in compliance with the provisions of the statute. The provisions of the section are plain and unequivocal and easily complied with, and there is neither authority of law nor justifiable excuse for attempting to substitute for such report the warrant issued by the clerk to the city marshal.

The papers accepted as in lieu of the report required by law to be made by the clerk were not accompanied, as the statute requires, by a copy of the ordinances authorizing the improvement to be made and to be paid for by special taxation, but the court allowed such ordinances to be filed before the hearing. The objection to this action of the court is groundless. The statute (Rev. Stat. chap. 120, sec. 191,) fully authorized a copy of the ordinances to be filed as being an amendment to the report of the clerk. *Walsh* v. *People ex rel.* 79 Ill. 521; *Shelbyville Water Co.* v. *People,* 140 id. 545; *People ex rel.* v. *Smith,* 149 id. 549.

We do not think the evidence sustains the insistence one of the ordinances introduced in evidence was vetoed by the mayor and the veto sustained by the city council.

The ordinance in question was passed June 1, 1896. At the same session of the council at which it was passed the following proceedings were had, as appears from the records of the city council, viz.: "A veto message was read from the mayor, vetoing the general sidewalk ordinance passed at the regular meeting of May 18, 1896. Moved by alderman Drennan to reconsider the vote passing said ordinance. All members voted no. The action of the mayor was sustained." It however appears from the records of the same meeting, that after the veto had been sustained the ordinance sought to be enforced was introduced, and adopted by a unanimous vote of the members of the council. At the next regular meeting of the council on June 15, 1896, the records show the following proceedings: "The minutes of the preceding meeting were read and approved, with the exception of that part pertaining to alderman Drennan's motion to reconsider vote passing sidewalk ordinance at a regular meeting on the first day of June, 1896, and subsequently vetoed by the mayor. Minutes changed to read, 'Motion carried to reconsider;' and upon second call of roll all members voted no to passage of said ordinance, thereby sustaining the veto." This entry in the record has reference to the action of the council upon the question of adopting the minutes of the previous meeting held on June 1, and its purpose was to correct the minutes of the previous meeting relating to the disposition by the council of the message of the mayor vetoing the ordinance passed by the council at a meeting held on May 18, 1896. It had no reference to the ordinance adopted June 1.

The ordinance adopted June 1 defined the location and width of the walks proposed to be constructed, the material of which they were to be composed, declared the construction of such walks should be deemed a local improvement and paid for by special taxation, and provided the walks should be constructed and taxes therefor levied and collected according to the provisions of ordinance

No. 47, as amended by ordinance No. 49, of the city of Taylorville, and declared such ordinances 47 and 49 were made part of the ordinance as fully as if their provisions were set forth at large. It is urged one ordinance cannot thus be incorporated into and made a part of another. It seems the city council of Taylorville adopted the general policy of building all sidewalks by special taxation upon abutting property to the extent of three-fourths of the cost of the walk, the city paying the remainder, and in pursuance of such policy adopted ordinance 47, which was afterward amended by ordinance 49. This ordinance provides all sidewalks shall thereafter be built by special taxation, prescribes with minuteness of detail the manner of the construction of walks,—whether of plank, brick or concrete,—directs the city engineer to establish a grade line for each walk, and, in short, provides in detail for walks constructed by special taxation; and further, that special ordinances may be passed from time to time, specifying the location of any walk which the council may conclude to have built, and that, unless such special ordinance otherwise provides, the manner of construction shall be as directed by the general ordinance. In view of the character of this general ordinance as amended, and its provisions, we perceive no reason why the city council, in adopting a special ordinance for a walk, should not by reference, as was done in this instance, incorporate in it the provisions of the general ordinance, and thereby make such provisions part of the special ordinance.

Section 6 of this general ordinance makes it the duty of the street commissioner, within a reasonable time,—not less than fifteen days after any special ordinance providing for the construction of a sidewalk shall take effect,— to serve a written notice on the lot owner or occupant of the lot, advising such owner or occupant that he or she is required to build a walk, according to the specifications of the ordinance, within fifteen days after receiving the notice; and section 7 of the same ordinance provides, that

in case such owner or occupant shall fail to construct the walk in compliance with the notice provided by section 6 to be given, the city shall build the walk and levy three-fourths of the cost thereof against the lot in front of or along which the walk is built. It was not essential to the validity of the ordinance that any provision with relation to notice to the property owners should have been incorporated in it. The statute (Starr & Cur. Stat. 1896, par. 430, p. 858,) requires lot owners to take notice of the passage of such ordinances, and if they desire to construct the walk, to do so within thirty days after the ordinance is published. The provisions of the ordinance in question, that the lot owner should be notified by the commissioner, were not in contravention of the statute and have no effect to invalidate it. These provisions are more liberal to the property owner than is the statute, and we perceive no ground upon which such owner can object to the ordinance by reason of them. Though it was not necessary the city should have provided that such notices should be given, yet having done so, and having specially declared that the lot owner should be put in default only by failing to observe such notices, it became indispensable to the imposition of a special tax under the ordinance it should appear the notices had been given as required by the ordinance, and that the walk was constructed by the city after the time had expired within which the property owner was required to build the walk under the notices. There is no proof in the record as to the date of the publication of the ordinances, and the proof as to the time when the city began to construct the walk is quite meagre and unsatisfactory.

As the judgment must be reversed for other reasons stated in this opinion, it has seemed to us best we should express no opinion upon the question whether the city has complied with the provisions of the ordinances relative to the notices to be given the lot owner, or whether it had waited the requisite length of time after the pub-

lication of the ordinances and giving of the notices in which to allow the property owner to construct the walk. We content ourselves, therefore, with the declaration that the ordinance is valid, but that it is essential to the right of the city to recover a judgment for the special tax for three-fourths of the cost of building the walk, that the city should affirmatively prove the ordinance had been complied with, and the property owner put in default, under the terms of the ordinances, before the city entered upon the work of building the walk.

It is not necessary we should discuss other assigned errors, for the reason they relate to matters which arose in the course of the hearing not likely to arise upon a second hearing of the application.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*