## Thomas Biggins' Estate

*v.*

## The People *ex rel.* Tetherington, County Collector.

*Opinion filed December 18, 1901.*

1. SPECIAL TAXATION—*sidewalk ordinance must fix grade for walk.* An ordinance for a sidewalk, to be paid for by special taxation under the Sidewalk act of 1875, must fix the grade of the walk by express terms or by reference, so that a property owner may know definitely at what grade to lay the walk in case he avails himself of his right to construct the walk in front of his own property.

2. SAME—*when general ordinance does not fix grade for sidewalks.* A general ordinance establishing the height of curb-stones on paved or macadamized streets does not establish the grade of a sidewalk.

3. SAME—*when provisions of Sidewalk act are not complied with.* The provisions of sections 3 and 4 of the Sidewalk act of 1875, respecting the bill of costs, delinquent report, etc., are not complied with where the city engineer made out estimates of the cost of constructing the walk in front of each parcel of land, which he gave to the city clerk, who made a list of said estimates and turned them over to the city collector, who held them for some time, when he returned part of them to the city clerk with a verbal statement that he could not collect them, whereupon the city clerk filed with the county treasurer a certified copy of the ordinance, with a memorandum stating certain described property was delinquent.

4. SAME—*sidewalk tax is invalid unless statute is complied with.* The provisions of the Sidewalk act of 1875 are for the protection of the property owner, and no special tax thereunder can be sustained without a substantial compliance with such provisions.

5. SAME—*clerk's delinquent report cannot be filed for the first time at the hearing.* The city clerk's written report of unpaid special tax warrants cannot be filed for the first time at the hearing under the guise of an amended report, where there has been nothing previously filed which could be considered as a report, even by the most liberal construction of the statute requiring it.

6. SAME—*objector may show non-compliance with statute on application for sale for delinquent sidewalk tax.* The application for judgment of sale for a delinquent special tax levied under the Sidewalk act of 1875 is the first opportunity a property owner has to present objections, and he may then show the court had no jurisdiction to render judgment by reason of the failure of the city officials to comply with the provisions of the statute.

APPEAL from the County Court of Madison county; the Hon. WILLIAM P. EARLY, Judge, presiding.

John F. McGinnis, for appellants.

B. J. O'Neil, Corporation Counsel, and Levi Davis, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment of the county court of Madison county against a tract of land situated in the city of Alton, belonging to the appellants, for a special tax levied thereon for the purpose of building a sidewalk.

It is first contended that said special tax is invalid because the grade of said sidewalk is not established by the ordinance providing for the construction thereof. The ordinance providing for the construction of the sidewalk in question was passed under the provisions of an act entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," approved April 15, 1875, in force July 1, 1875. (Hurd's Stat. 1899, p. 319.) Section 2 of said act provides: "Said ordinance shall define the location of such proposed sidewalk with reasonable certainty, shall prescribe its width, the materials of which it shall be constructed, and the manner of its construction, and may provide that the materials and construction shall be under the supervision of, and subject to, the approval of some officer or board of officers of such city, town, or village, to be designated in said ordinance, * * * and may require all owners of lots or parcels of land touching the line of said proposed sidewalk to construct a sidewalk in front of their respective lots or parcels in accordance with the specifications of said ordinance, within thirty days after such publication, and in default thereof, said materials to be furnished and sidewalk constructed by said city, town, or village, and the cost, or such part thereof as may be fixed in said ordinance, may be collected from the respective owners of said lots or parcels of land as hereinafter provided."

Under the statute and the ordinance the property owner has the right, within thirty days after the publication of the ordinance, to construct the sidewalk in front of his property in accordance with the specifications of the ordinance. He has the right to know the grade at which the sidewalk is to be laid, otherwise he cannot properly construct the same. An ordinance for a sidewalk to be paid for by special taxation should fix the grade at which the sidewalk is to be laid, in express terms, or a reference should be made therein to some ordinance of the city fixing such grade, or it should state therein that it should be laid according to the established grade of the sidewalks of the city, or in some other way define the grade so that the property owner may know definitely the grade at which the sidewalk is to be laid, otherwise it would be impossible for the property owner to avail himself of the right conferred upon him by the statute and ordinance to construct the sidewalk in front of his own property, or for the officer designated in the ordinance to supervise and approve the construction thereof. On the trial the city introduced a general ordinance establishing the height of curb-stones above the street. This ordinance, by its terms, applies only to curb-stones upon paved and macadamized streets, and in no way fixes the grade of the sidewalks of said city. The ordinance having failed to fix the grade at which such sidewalk was to be laid, was defective in that particular. (*White* v. *City of Alton*, 149 Ill. 626; *Haley* v. *City of Alton*, 152 id. 113).

It is next contended that the city engineer, who was the officer designated in said ordinance to take charge of the construction of said sidewalk, failed to file in the office of the city clerk a bill of the cost of such sidewalk showing, in separate items, the cost of grading, materials, laying down and supervision; that the city clerk failed to prepare a special tax list against said lots or

parcels of land, and the owners thereof, showing amount of special tax to be charged against each of said lots or parcels of land, and the owners thereof, on account of the construction of said sidewalk, according to the rule fixed for the levy of such special tax by said ordinance, and to file such special tax list in his office, or to issue a warrant directed to the city collector of special taxes and assessments, who was the officer designated in such ordinance for the collection of the amount of said special tax so ascertained; that said city collector failed to make a return of said warrant to the city clerk showing what special tax for the construction of said sidewalk he had been unable to collect, and that the city clerk failed to make a report in writing of such portion of said special tax as was delinquent, to the general officer of the county authorized by law to apply for judgment against and sell the lands for taxes due the county or State, as provided by sections 3 and 4 of said act, which are, in part, as follows:

"Sec. 3. In case of the default of any lot owner or owners to construct the sidewalks, as required by ordinance, * * * such ordinance may provide that a bill of the cost of such sidewalk, showing in separate items the cost of grading, materials, laying down, and supervision, shall be filed in the office of the clerk of such city, town, or village, certified to by the officer or board designated by said ordinance to take charge of the construction of said sidewalk, together with a list of the lots or parcels of land touching upon the line of said sidewalk, the names of the owners thereof, and the frontage, superficial area, or assessed value as aforesaid, according as said ordinance may provide for the levy of said costs by frontage, superficial area, or assessed value; whereupon said clerk shall proceed to prepare a special tax list against said lots or parcels, and the owners thereof, ascertaining by computation the amount of special tax to be charged against each of said lots or parcels and the

owners thereof, on account of the construction of said sidewalk, according to the rule fixed for the levy of such special tax by said ordinance, which special tax list shall be filed in the office of said clerk; and said clerk shall thereupon issue warrants directed to such officer as may be designated in such ordinance, for the collection of the amount of special tax so ascertained and appearing from said special tax list to be due from the respective owners of the lots or parcels of land touching upon the line of said sidewalk; and such officer shall proceed to collect such warrants * * * and make return thereof, together with the moneys collected, to the clerk of such city, town or village, within sixty days from the date of their issue.

"Sec. 4. Upon failure to collect such special tax as heretofore provided in this act, it shall be the duty of said clerk, within such time as such ordinance may provide, to make report of all such special tax, in writing, to such general officer of the county as may be authorized by law to apply for judgment against, and sell lands for taxes due county or State, of all the lots or parcels of land upon which such special tax shall be so unpaid, with the names of the respective owners thereof, so far as the same are known to said clerk, and the amount due and unpaid upon each tract, together with a copy of the ordinance ordering the construction of said sidewalk, which report shall be accompanied by the oath of the clerk that the list is a correct return of the lots and parcels of land on which the special tax levied by authority of said city, town, or village, for the cost or partial cost (as the case may be) of the sidewalk in said ordinance specified, remains due and unpaid, and that the amounts therein stated as due and unpaid have not been collected, nor any part thereof. Said reports, when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making such return have been complied with, and that the special tax, as mentioned in said report, is due and unpaid."

The only attempt made by the officials of said city to comply with the provisions of the statute in levying said special tax was that the city engineer made out what he designates an estimate of the cost of constructing said sidewalk in front of the respective properties against each of the individual property owners, which he gave to the city clerk. The city clerk, after making a list of said estimates, gave the original estimates to the city collector, who held the same for some time, when he returned a part of them to the city clerk with a verbal statement that he had been unable to collect the same, whereupon the city clerk filed with the county treasurer of Madison county a certified copy of the ordinance, with the following memoranda attached thereto:

"DELINQUENT.

"Thomas Biggins' estate, $750.92,—a tract of land in Penitentiary plat, as described in this ordinance.

"John W. Ash, Jr., lot 29 Penitentiary plat, as described in this ordinance..............................$35.10

"Coll's Com........................................ 1.72
                                                   ———
                                                   $36.82"

We have repeatedly held that the provisions of this statute are for the protection of the property owner, and that no valid special tax can be levied thereunder without a substantial compliance therewith. (*Hoover* v. *People*, 171 Ill. 182; *Vennum* v. *People*, 188 id. 158; *Holland* v. *People*, 189 id. 348.) The statements showing the cost of said sidewalk given by the city engineer to the city clerk appear to be but an estimate, and do not give, in separate items, the cost of grading, materials, laying down and supervision, but combine the same in one amount. No special tax list was prepared by the clerk and filed in his office; no warrant for the collection of the tax was issued by the city clerk to the city collector; no return was made by the city collector to the city clerk showing the special tax collected or the portion remaining unpaid, and the memoranda and copy of the ordinance filed

by the village clerk in the office of the county treasurer of Madison county was not such a report as the law requires. We think, therefore, there was a total failure on the part of the officials of said city to comply with the provisions of the statute and ordinance, and that by reason of such failure the county court was without jurisdiction to render a judgment against said lot or parcel of land for the amount of said special tax. In *Holland* v. *People, supra,* we held that the certified bill of costs provided to be filed in the office of the city clerk is the basis for the special tax list to be prepared by the city clerk, and that a failure to file such bill of costs will defeat the special tax. And in *Vennum* v. *People, supra,* on page 163 we say: "There was no authority for building this sidewalk except the ordinance in question; and when the sidewalk was built under the ordinance, it was the duty of the authorities of the village to follow the ordinance and perform all the acts required of them."

Upon the hearing there was an attempt made to cure the defects in the proceedings, and by leave of court there was filed what amounted to substantially a new report, and it is now argued that such amended report should be held to be *prima facie* evidence that everything had been done which the law required the officials of said city to do to levy a valid special tax, and that such special tax is due and unpaid. Section 4, above quoted, provides that upon the failure to collect such special tax the city clerk, within such time as such ordinance provides, shall make report of such special tax, in writing, to the general officer of the county authorized by law to apply for judgment against and sale of lands for taxes due the county or State, of all the lots or parcels of land upon which such special tax shall be so unpaid, with the names of the respective owners thereof, so far as the same are known to such clerk, and the amount due and unpaid upon each tract, together with a copy of the ordinance ordering the construction of the sidewalk,

which report shall be accompanied by the oath of the clerk that the list is a correct return of the lots and parcels of land on which the special tax was levied by the authority of said city for the construction of said sidewalk, and that the same remains due and unpaid, and that such report, when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making such returns have been complied with, and that the special tax mentioned in said report is due and unpaid. In *Hoover* v. *People, supra,* where the clerk had omitted to attach a copy of the ordinance to his report, we held such defect might be cured by the court allowing such copy to be filed upon the hearing for judgment. In that case a report had been filed and there was something to amend by. Here, nothing had been filed which, by the most liberal construction of the statute, could be held to be a report. There was here, therefore, nothing to amend, as there was no report on file, and the court had no power to allow a report to be filed for the first time at the hearing, and then render judgment thereon against said lot or parcel of land for said special tax. In *Holland* v. *People, supra,* on page 351 we say: "The Revenue law is very liberal in allowing irregularities, informalities or omissions, not affecting the substantial justice of the tax, to be corrected or supplied upon application for judgment, but it does not authorize the court to levy a tax where none has been levied by the proper officers."

To hold this special tax to be valid would be to hold that the provisions of the statute pointing out the necessary steps to be taken by the city officials in the levy of a special tax may be entirely disregarded and the property of the citizen taken to satisfy such tax. This we are not prepared to do. In a proceeding for the levy of a special tax for the construction of a sidewalk under this section the property owner has no opportunity to question the acts of the city officials in levying said

tax until the application for judgment against his land is made, at which time he may show the court has no jurisdiction to render judgment by reason of a failure of the city officials to comply with the provisions of the statute authorizing a levy of such special tax. *Vennum* v. *People, supra.*

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*