RALPH JEFFRIS, County Collector,

v.

ADELINE CASH et al.

207   405
212  ¹ 65

*Opinion filed February 17, 1904.*

1. SPECIAL TAXATION—*city must prove compliance with ordinance.* It is essential to the right of a city to recover a judgment for a special tax for the construction of a sidewalk, that the city shall affirmatively prove that the ordinance has been complied with.

2. SAME—*what not a bill of cost such as is required by the Sidewalk act of 1875.* A statement of the total amount of the cost of a sidewalk, charging one-half to material and one-half to laying the walk, is not such an itemized bill of cost as is required by section 3 of the Sidewalk act of 1875.

3. SAME—*provisions of the Sidewalk act of 1875 must be complied with.* The provisions of the Sidewalk act of 1875 are for the protection of the property owner, and no special tax can be allowed thereunder without a substantial compliance with such provisions.

APPEAL from the County Court of Coles county; the Hon. T. N. COFER, Judge, presiding.

FRANK C. WINKLER, City Attorney, and JOHN F. VOIGT, Jr., for appellant.

H. A. NEAL, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Coles county, refusing to give judgment against the property of appellees for a sidewalk tax. The trial was held in a summary way without a jury before the court on objections to application for judgment. The property involved was lots 1, 7 and 8 in block 7, in the original town of Independence, (now city of Oakland,) in Coles county, which lots were situated on Pike street in Oakland. The appellees filed objections to the rendition of judgment for the sidewalk tax against their lots. The court heard the testimony of witnesses and received documentary evidence, and sustained the objections to the

application for judgment against the lots in question. Appellant, the county collector, excepted.    The present appeal is prosecuted from such judgment.

The objections, filed by the appellees in the court below, and which were sustained, were, first, that the ordinance for the construction of the sidewalk in question did not fix the grade of the walk; second, that there was never filed with the clerk of the city of Oakland, or with the county clerk of said Coles county, a certified bill of the cost of said sidewalk, as provided by the statute, and that objectors had no notice, and no means of knowing what the cost of the sidewalk was; and third, that the sidewalk tax is wholly without authority of law, and illegal and void.

The main objection, relied upon, is the second objection above mentioned.    Section 5 of the ordinance for the construction of the sidewalk on the west side of Pike street between Montgomery and Moore streets in Oakland provides that, when any such sidewalk is constructed by the city, the street and alley committee, or a majority thereof, of said city, shall, within fifteen days after its completion, file in the office of the city clerk a certified bill of the cost of said sidewalk, showing in separate items the cost of grading, materials, laying down, and supervision, setting the same opposite the owner or owners, and shall give a description of the land or lots or parcels of ground, touching upon or contiguous to the line of said sidewalk, according to the frontage thereof, stating the measurement of such frontage. Section 3 of the Sidewalk act of 1875, under which the sidewalk was constructed, provides that "such ordinance may provide that a bill of the cost of such sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, shall be filed in the office of the clerk of such city, town or village, certified to by the officer or board designated by said ordinance to take charge of the construction of such sidewalk, together

with a list of the lots or parcels of land touching up-
on the line of said sidewalk, the names of the owners
thereof, and the frontage, superficial area or assessed
value as aforesaid, according as said ordinance may pro-
vide for the levy of said costs by frontage, superficial
area, or assessed value." (1 Starr & Curt. Ann. Stat.—
2d ed.—p. 858.)

The street and alley committee of the city of Oakland
consisted of three aldermen, to-wit, E. N. Carter, A. E.
Thomas, and J. W. Newman. Carter and Thomas, New-
man being sick, who were a majority of the street and
alley committee, prepared and signed the following pa-
per, to-wit: "We, the undersigned, a majority of the
street and alley committee of said city, would most re-
spectfully make report that the city did, pursuant to
ordinance of said city, construct a concrete sidewalk on
the west side of Pike street, and that the owners of the
lot, lots or parts of lots hereinafter described have not
paid the cost of the same, and you are hereby directed to
collect the same according to law. Adeline Cash, lots 1,
7 and 8 in block 7 of the original town of Independence,
(now city of Oakland), Illinois, frontage 231 feet. Cost
of material $73.92; cost of laying down, $73.92; total cost
$147.84. We, the undersigned, a majority of the street
and alley committee of the city of Oakland, in Coles
county, Illinois, do hereby certify that the aforegoing is
a true statement of the cost of material and of laying
down of a concrete sidewalk in front of the respective
lots above mentioned."

The document above set forth is the only bill of the
cost of the sidewalk, which was ever filed by said com-
mittee, or a majority of the same, in the office of the clerk
of the city; and it needs only a casual examination of
the same to show that it is not such a bill of cost, as is
required by the statute, or by the ordinance passed by
the city council. It does not show "in separate items the
cost of grading, materials, laying down and supervision."

It simply divides the entire cost by two, and states that the cost of material is $73.92 and the cost of laying down is $73.92, without any statement at all as to the cost of grading or supervision. This paper, purporting to be a bill of the cost of the sidewalk, gives no information, except as to the total cost in front 'of the three lots owned by appellees.

The city clerk states in his evidence that the paper in question was presented to him a few days before he sent it to the county treasurer and *ex officio* county collector of the county, between the first day of March and the tenth day of March, 1903. He also states that, after he so sent the paper to the county collector, there was no such paper as that on file in his office. The county collector states that the paper was filed with him on March 9, and that it was the authority, under which he put the delinquent sidewalk tax upon the delinquent list for judgment.

Section 2 of the ordinance provided that the cost of the sidewalk, and all expenses connected therewith, should be paid for by special taxation of the lots, parts of lots and parcels of land touching upon the line of said sidewalk, according to its frontage upon said street.

We have held that the provisions of the statute of 1875 are for the protection of the property owner, and that no valid special tax can be allowed thereunder without a substantial compliance therewith. (*Hoover* v. *People,* 171 Ill. 182; *Vennum* v. *People,* 188 id. 158; *Holland* v. *People,* 189 id. 348; *Biggins' Estate* v. *People,* 193 id. 601). In the case of *Holland* v. *People, supra,* we said: "The next step required by the statute, in order to charge the property with the tax, was that a bill of the cost of the sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, should be filed in the office of the clerk of the village, certified to by the officer or board designated by the ordinance to take charge of the construction of the sidewalk, together with a list

of the lots or parcels of land touching upon the line of
the sidewalk, the names of the owners thereof, and the
frontage. This certified bill of cost is the basis for a
special tax list to be prepared by the clerk."

The city clerk further testified that there was no
itemized statement of the costs filed in his office, except
a statement of the contract, that is to say, that nothing
more was filed than the bill of the amount of the con-
tract. It cannot be said that this statement of the amount
of the contract was the itemized statement of the bill of
cost required to be filed by the statute, and to be signed
by the street and alley committee, or a majority thereof.
Indeed, counsel for appellant admit in their brief that
this statement cannot take the place of the bill of cost
of the sidewalk.

It also appears that no special tax list was prepared
by the clerk and filed in his office. It is not clear that
a warrant for the collection of the tax was issued by the
city clerk to the city collector. No return seems to have
been made by the city collector to the city clerk, show-
ing the special tax, or the portion remaining unpaid.
In his testimony, the city clerk says: "I wouldn't say
whether I issued any warrants for the collection of this
tax to the city marshal or not. * * * I think I did
issue warrants to the city marshal for this tax, but I
would not swear to it; it is my impression that I did issue
the warrants." It is essential to the right of the city to
recover a judgment for the special tax for building a
sidewalk that the city should affirmatively prove that
the ordinance has been complied with. (*Hoover* v. *People*,
171 Ill. 182).

We are of the opinion, that the court below decided
correctly in sustaining the second objection made by the
appellees to the entry of judgment for the sidewalk tax
against their lots.

Accordingly, the judgment of the county court is af-
firmed.                                 *Judgment affirmed.*