W. SCOTT MARSHALL

*v.*

THE PEOPLE *ex rel.* Samuel J. Smith, County Treasurer.

*Opinion filed December 20, 1905.*

1. SPECIAL TAXATION—*demand for payment of warrant need not be personal.* Demand for the payment of a special tax warrant issued against the property of a non-resident owner need not be personal, and it is sufficient if made by registered letter.

2. SAME—*general appearance waives defects in notice.* Alleged defects of description in the delinquent list and in the publication and certificate thereof are waived where the property owner appears and objects to the entry of judgment.

3. SAME—*publication of sidewalk ordinance is sufficient notice to property owner.* Unless the ordinance itself provides for a notice to be given to property owners to build the sidewalk, publication of the ordinance, passed under the Sidewalk act of 1875, is all the notice to which the property owners are entitled.

4. SAME—*when warrant is sufficient authority for making a demand.* A special tax warrant, in so far as it purports to authorize the street commissioner to make the amount therein called for from the goods and chattels of the property owner, is void, but is sufficient authority for making demand.

5. SAME—*burden is on objector to show that ordinance is unreasonable.* City authorities are vested with broad discretion in the matter of making local improvements, and the burden is on an objector to show that an improvement ordinance is unreasonable.

6. SAME—*clerk's report to collector need not be under seal of city.* The city clerk's report of delinquency of a special sidewalk tax to the collector is not required to be under the seal of the city.

7. SAME—*what does not constitute a different improvement.* That the completed limestone sidewalk measures longitudinally 39.8 feet instead of 40 feet, as called for in the ordinance, and that the stone is thought by some witnesses too soft, does not make the improvement a different one from the one prescribed by the ordinance.

APPEAL from the County Court of Marion county; the Hon. CHARLES H. HOLT, Judge, presiding.

T. E. MERRITT, for appellant.

J. C. SMITH, C. F. DEW, and J. J. BUNDY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The county court of Marion county rendered a judgment and order for sale against the real estate of appellant in the city of Centralia for the cost of the construction of a limestone sidewalk along his lot, and this appeal is from that judgment.

The walk was built by the city pursuant to an ordinance passed July 19, 1904, under the Sidewalk act of 1875. The property was located in the business district of Centralia, and the ordinance provided for a natural stone sidewalk of the width of ten feet on Locust street, upon the west line of appellant's lot, to begin at the south line and to run thence north and abut on the west line of said lot, a distance of forty feet. The ordinance required that three trenches should be dug,—one on each side and one in the center of the sidewalk line, thirty-eight inches below the sidewalk grade line,—and that there should be laid in each of these a brick supporting wall nine inches wide and thirty-four inches deep, and directed that the stone should be ten feet long and not to exceed five feet wide, of good, hard quality of limestone, free from soft and shaly spots. In May before the passage of the ordinance appellant was served with a written notice to build a walk such as was afterwards described in the ordinance, but did not do so. The ordinance was passed and published, and the city authorities waited about forty days after the publication of the ordinance, and no walk having been built by appellant, the city authorities built one. The cost of the walk was $119.55. At the time the ordinance was passed there was a five-foot flagstone sidewalk along the line of the proposed new walk. The ordinance required that the walk be built within thirty days from the publication thereof, and that if the owner did not so construct it it should be built by the city under the supervision of the street commissioner and to be approved by the street commissioner and the committee on streets and alleys, and that the cost of the walk should be charged against the abutting property.

The walk was built in accordance with the ordinance and approved and accepted by the street commissioner and the committee on streets and alleys, and an itemized account of the cost of the same was made and filed with the city clerk by the street commissioner within thirty days thereafter. The city clerk then issued to the street commissioner, as directed by the ordinance, a warrant for the collection of the tax. Appellant did not reside in Centralia, but in Chicago, and demand was made upon him by sending a copy of the warrant in a registered letter, his receipt therefor being returned to the commissioner. It is urged that this demand was not sufficient, but should have been a personal one. We do not agree to this contention. It is sufficient that it be shown, and in a proper manner, that a demand was made and that the property owner either failed or refused to pay. The law does not require that an officer go from Centralia to Chicago to serve such a demand. Appellant did not pay the same, and on the 2d of January, 1905, the street commissioner returned the warrant, stating the manner in which the demand was made, and that no part of it had been paid. On January 5, 1905, the city clerk certified the property as delinquent to appellee, as county treasurer and *ex officio* collector of said county, who advertised the same as delinquent and made application for judgment at the June term of said court. Appellant appeared at that term, by his counsel, at the time fixed for application for judgment and filed eleven objections, (several of which were of a general character and went to the merits,) which were overruled and judgment and order of sale entered. Appellant excepted and moved to vacate or set aside the judgment and for a new trial, which was also overruled.

Counsel for the appellant devotes a large portion of his argument to the objections urged against the delinquent list and the publication and certificate thereof, and endeavors to point out that the property is not properly described and that it is in many other respects insufficient. It is unneces-

sary to enter into a consideration of these objections, as the appellant appeared and objected to the judgment and had all the benefit and advantage that a good notice could have given him, and in such case it is immaterial whether the notice be good or bad and complies with the law or not. *Mix* v. *People,* 106 Ill. 425.

It is next urged that appellant was entitled to be served with a notice to construct the walk after the passage of the ordinance, and that as the notice was served upon him before the passage of the ordinance he was never in default. The statute does not require that a city shall give to the property owner a notice to build a sidewalk where an ordinance is passed, such as the one before us, for the construction thereof. The publication of the ordinance is all the notice to which the property holder is entitled. By its publication it becomes a law of the municipality, and the owners of property affected are bound to take notice of it and act accordingly. This is true unless the ordinance itself, under which the walk is constructed, provides that a notice shall be given, in which event it is necessary that the city show that the notice required by the ordinance has been given. (*Hoover* v. *People,* 171 Ill. 182; *Hintze* v. *City of Elgin,* 186 id. 251.) The ordinance in question did not contain a provision for giving notice to the property owner, but followed the statute and required the property owner to build the sidewalk within thirty days from the publication of the ordinance, and no other or further notice was required.

It is also claimed that the warrant for the collection of the tax was void because it authorized the street commissioner, as collector, to make the amount therein called for from the goods and chattels of appellant. So much of the warrant as attempted to make it an execution was void. (*Craw* v. *Village of Tolono,* 96 Ill. 255.) But the street commissioner did no act under it that would raise that question, as he only made demand, and it was sufficient authority to him to make the demand though it ran as an execution.

The claim that the ordinance is void because unreasonable and oppressive is not sustained by the evidence. The location was in the business district of the city and the other walks about it were of the width of ten feet, and were so required by the extent of the use of them. This is not denied by appellant, but it is urged that as there was five feet of good stone walk there, the city should only have required an additional five feet in width to be built. It will be observed that the walk so ordered was a ten-foot walk, and it was required that the stones, which should lie crosswise on the walk, should each be ten feet in length and not to exceed five feet in width. This would make a much smoother and better walk than a walk with a seam or opening in the center and a seam formed by the cross layers of stone. In a matter of an improvement such as this a broad discretion must be confided to the city authorities, and the burden is upon the one complaining to show that the ordinance is unreasonable, and we are unable to see that such is the case, as shown by this record.

It is claimed that the report of delinquency made by the city clerk to appellee is insufficient because there is not attached thereto, under the signature of the city clerk, the seal of the city. The language of the statute with reference to this report is as follows: "Upon the failure to collect such special tax as heretofore provided in this act, it shall be the duty of said clerk, within such time as said ordinance may provide, to make report of all such special tax, in writing, to such general officer of the county as may be authorized by law to apply for judgment against and sell lands for taxes," etc. (Laws of 1875, sec. 4, p. 64.) From the reading of the above statute it is seen that the report is not required to be under the seal of the city, but that the only requirement is that it shall be in writing. We regard it as sufficient.

It is urged, lastly, that the walk as constructed is not the kind of walk called for by the ordinance. The evidence shows that the walk was built in the general manner pro-

vided for in the ordinance, with the brick walls for support of the stone; and that the stone used was Bedford limestone four inches thick and of the dimensions required by the ordinance. The particular points urged are, that after the walk was completed it showed that by actual measurement there were only thirty-nine and eight-tenths feet of the walk longitudinally, and that the ordinance called for a forty-foot walk; and further, that the stone that was used was not hard limestone, as called for by the ordinance, but appellant urges that the limestone used was soft. The record shows that the lot adjoining that of appellant already had a ten-foot walk and that the walk that was built along appellant's property was joined up to it. A mere difference of two-tenths of a foot in the length of the walk, when the space for a walk was all occupied with one, would seem to be a trivial matter and the objection highly technical,—so much so that the law would not take notice of it. Concerning the character of the stone, the witnesses agree that it is limestone but differ as to whether it is hard or soft. Some testify that it is soft and some hard, and others testify that it is soft when first put down but hardens by exposure. All testify that it is of the same character of stone as that usually used in that city for walk purposes. The objection that the improvement is not the improvement called for by the ordinance is not sustained by showing a slight variance in quality of material from that called for by the ordinance, and particularly so where the city authorities charged with that duty have approved and accepted the improvement or the material that enters into it. The fact that the stone was softer than some witnesses thought it ought to be would not characterize the walk as one different from that called for by the ordinance, when it is admitted and shown that in a general way the material called for was used and used in the manner directed.

The judgment of the county court is affirmed.

*Judgment affirmed.*