E. O. HURD

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed April 17, 1906.*

1. SPECIAL TAXATION—*collector is only required to make prima facie case in first instance.* Under the statute the collector's sworn report of the list of delinquent lands, together with proof of publication thereof and notice of the application for judgment and order of sale, makes a *prima facie* case, upon which judgment should be entered unless cause is shown to the contrary; and if there are any objections not appearing from the face of the delinquent list, publication and notice, the burden is upon the land owner to point them out and establish the same by proof.

2. SAME—*what objections must be supported by proof.* Upon application for judgment of sale for a delinquent special tax where the collector has made a *prima facie* case, if the objectors claim that the grade for the sidewalk was not sufficiently specified in the ordinance and that the property owners were not given thirty days in which to build the walk it is their duty to establish their claims by proper evidence, and evidence as to the condition of the old walk which was torn up and as to the sufficiency of the contract for the new walk does not tend to sustain such claims.

3. SAME—*what need not be shown in return of the clerk to collector.* The return of the city clerk to the county collector is not required by statute to show the bill of cost for a sidewalk, the special tax list, the warrant, or the notice and demand of the city collector for payment of the tax.

4. SAME—*what tends to show that certificate of bill of costs was authorized.* Where the certificate of the bill of costs of a sidewalk is filed in compliance with the statute, but the objectors claim that the contract was for a flat rate of sixty-eight cents per lineal foot and was not sufficient to justify the certificate, the fact that after the sidewalk was completed a fully itemized bill was presented showing the cost to have been less than sixty-eight cents per lineal foot is sufficient evidence, taken in connection with the contractor's testimony that the prices of the various elements were agreed upon, to show that the contract was not for the flat rate, but was in conformity with the provisions of the statute.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

TAYLOR & MARTIN, for appellant.

J. L. McKITTRICK, and GEORGE GILLETTE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the June term, 1905, of the county court of Cook county the county collector made application for judgment and order of sale against appellant's property for delinquent assessments for the construction of a concrete sidewalk on the south-easterly side of Kline street, in the village of Wilmette, said walk to be paid for by special taxation. Objections were filed by appellant, which were overruled by the court and judgment and order of sale rendered.

It is first insisted by appellant that the ordinance providing for the improvement was void for the reason that it did not provide for the making and filing of a special tax list, or for the issuing of a warrant to the village collector for the collection of the same. Section 2 of the ordinance provides that the walks shall be constructed and the cost thereof paid for and collected by special taxation, in accordance with the specifications and provisions of section 1 of chapter 36 of the revised ordinance of the said village, passed and approved March 21, 1904. Section 1 of chapter 36 of the revised ordinance provides that all sidewalks afterwards constructed and laid in said village upon and along any street, avenue or public way, the cost of which shall be required to be paid for by special taxation of the lot, lots or parcels of land contiguous thereto, shall be laid and constructed and the cost thereof paid for and collected in accordance with certain specifications contained in said ordinance. The latter part of section 3 of the same ordinance provides that if the property owner, after thirty days, fails to lay said walk it shall be constructed by the village, and the cost thereof shall be wholly paid for by special taxation of the lot, lots or parcels of land contiguous to such sidewalk, by levying the whole of

the cost thereof upon such lot in proportion to its respective frontage on said walk. Section 4 provides that said tax shall be collected in the manner provided for in the act of the General Assembly of the State of Illinois entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," in force July 1, 1875. Section 5 provides that the bill of cost of such sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, shall in every such case be filed in the office of the village clerk of said village, certified to by the superintendent of public works, together with a list of lots, their respective frontage and the names of the owners thereof; that warrants to be issued for the collection of said tax shall in every case be directed to the village collector, and the report required by law to be made by the village clerk upon failure to collect such tax shall be made by such village clerk within one year after said warrants shall be returned by said village collector.

We do not see how, in view of this ordinance, it can be successfully contended that the ordinance authorizing the improvement does not make provision for the special tax list, and the issuing of the warrant for the collection of the same to the village collector. There is nothing to show that the special tax list was not prepared by the village clerk, as required by the statute and by the ordinance, or that the warrant was not issued to the village collector for the collection of the same, or that the property in question was not returned delinquent by the village clerk to the county collector at the proper time, or that the county collector did not make proper application for judgment and order of sale. The provisions of the ordinance were sufficient in this regard, and the officer of the village having properly performed his duty thereunder, the court committed no error in overruling the first objection.

It is next insisted that the ordinance fails to fix the grade at which the walk was to be laid; that the provisions of the

general ordinance were that the grade should be established as fixed in the special ordinance, and the special ordinance provided that the grade should be a certain number of feet and decimal parts of a foot above the village datum, as the same had been established by general ordinance of said village; that the exact location of the grade can be determined only by the general ordinance referred to, which in terms defines the location of the village datum, and that this general ordinance was not offered in evidence. It is also insisted that it fails to appear that the village complied with the provisions of the ordinance in giving the property owners thirty days after due publication in which to build their walks, and in case of default of the owners the village should be empowered to build the same; also that the report of the village clerk to the county collector failed to show the bill of cost, the special tax list, the warrant, and the notice and demand of the city collector for payment of the tax. All of these objections go to the *prima facie* case required to be made by the county collector upon his application for judgment. The statute requires that he shall only be required to make a *prima facie* case in the first instance, and if any of the defects complained of appear, it was the duty of appellant to produce evidence in support thereof. Section 4 of the act of 1875, under which this ordinance was passed, (Hurd's Stat. 1903, chap. 24, p. 340,) provides that upon failure to collect the tax it shall be the duty of the village clerk, within such time as the ordinance may provide, to make report of such special tax, in writing, to the general officer of the county who is authorized by law to apply for judgment against and sell lands for taxes due the county and State, which report shall contain the description of the property, the name of the respective owners, the amount due and unpaid, together with a copy of the ordinance ordering the construction of said sidewalk, and said sworn report shall be *prima facie* evidence that all the forms and requirements of the law have been complied with and that the

221—26

special tax mentioned in said report is due and unpaid. Section 5 of the same act provides that when the county collector shall receive such report, as aforesaid, he shall at once proceed to obtain judgment in the same manner provided by law with reference to obtaining judgments against lands for tax due and unpaid to the county and State, etc.

It is the doctrine of this court, repeatedly announced, that under the statute the collector's sworn report of the list of delinquent lands, together with proof of publication thereof and notice of the application for judgment and order of sale, makes a *prima facie* case, and judgment is to be entered thereon unless cause is shown to the contrary; and if there be any valid objections not appearing on the face of the delinquent list, notice or proof of publication, the burden is upon the land owner to point them out and make them appear, and if he fails to do so judgment should be entered as prayed. In this respect there is no difference between special assessments and other taxes authorized by law. The collector is not bound to show by proof that the tax was legally assessed until the presumption created by his return of the delinquent list is overcome by evidence. *People* v. *Givens,* 123 Ill. 352; *Scott* v. *People,* 142 id. 291; *Walker* v. *People,* 166 id. 96; *McManus* v. *People,* 183 id. 391.

It is insisted, however, by appellant, that *Hoover* v. *People,* 171 Ill. 182, *Job* v. *City of Alton,* 189 id. 256, *Jeffris* v. *Cash,* 207 id. 405, *People* v. *Record,* 212 id. 62, and *Biggins' Estate* v. *People,* 193 id. 601, announce the rule that the burden is upon the city or village to prove that all the requirements of the ordinance have been complied with before judgment can be rendered. An examination of these cases will show that they are not in conflict with the views here expressed. In the *Hoover case* we held that the return of the clerk to the county collector was defective, and not sufficient, under the statute, to make such a *prima facie* case as would entitle the petitioner to judgment. In all of the other cases cited it will be found that the city or village seeking

judgment was required, under certain circumstances, to prove a compliance with the terms of the ordinance, and where the evidence showed that no proper bill of the cost had been filed or a special tax list made or a warrant issued to the collector, or a return properly made on the warrant, such defects were fatal and that judgment was properly refused. But in each of these cases the question was raised by proper objections and proof sufficient to overcome the *prima facie* case made by the application of the' collector. In this respect they all differ from the case now under consideration.

There can be no dispute but that the return of the village clerk made to the county collector in compliance with section 4 of the act contained a proper description of the property, the name of the owner, the amount due and unpaid and a copy of the ordinance ordering the construction of the sidewalk, and that this report was sworn to by the clerk, nor that the application of the county collector for judgment was in proper form and accompanied by proof of publication and notice of the application. When this proof was offered it made a *prima facie* case under the statute, and no other proof having been offered or objections heard, it was sufficient, in itself, to sustain the judgment rendered. If appellant desired to raise the questions as to the grade of the walk not being sufficiently specified in the ordinance or that the property owners were not given thirty days within which to lay the walk, it was his duty to do so by proper evidence offered in support of such objections. Most of the evidence offered, however, by him, goes to the question of the condition of the board walk which was torn up, and to the sufficiency of the contract entered into by the commissioner of public works for the construction of the walk. This evidence in no way overcomes the *prima facie* case made by the collector's return with reference to the objections which are now made, and therefore the court committed no error in overruling them.

The contention that the return of the clerk to the collector does not show the bill of cost, the special tax list, the warrant, and the notice and demand of the city collector for payment of the tax, was properly overruled for the reason that these items are not required by the statute to be included in the report of the clerk to the collector.

It is next insisted that the bill of cost was void for the reason that the items required by the statute were not separately specified in the contract. Section 3 of chapter 24 (Hurd's Stat. 1903, p. 339,) provides that the ordinance may provide that a bill of the cost of such sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, shall be filed in the office of the clerk of such town or city, certified to by the officer designated by the ordinance to take charge of the construction, etc. It is admitted in this case that a certificate in compliance with this section was filed by the superintendent of public works with the village clerk, but it is contended that the contract upon which the certificate was based was not entered into in such a manner as to justify or authorize the superintendent of public works to make the same. It is claimed on behalf of appellant that the contract was at the rate of sixty-eight cents per lineal foot. The evidence shows that the superintendent of public works entered into a contract with a Mr. Gans for the construction of this walk. Gans testified that the contract was that he was to build the walk, so much for cinder, so much for cement, so much for laying down and so much for excavating; that he did not put these specific amounts upon his books and had forgotten what they were. He also testified that the village was to pay what the walks actually cost, not exceeding the price paid for other walks, which was sixty-eight cents per lineal foot. Appellant seeks to show that the contract was at a flat rate of sixty-eight cents per foot. After the walk was built, however, a bill was rendered sufficiently itemized under the statute, and showing the actual construction of the walk to be less than sixty-eight

cents per foot. This is strong evidence of the fact that the price was not a flat rate of sixty-eight cents per foot but was in conformity with the provisions of the statute. In support of his contention appellant cites *People* v. *Peyton,* 214 Ill. 376, but an examination of that case will show that the contract·price was for a specific sum, which was not itemized, and therefore not in compliance with the statute. Under the evidence appearing in this record we are of the opinion that the contract was itemized as required by the statute, and the court committed no error in overruling this objection.

None of the objections urged by the appellant were well taken, and the judgment of the county court will be affirmed.

*Judgment affirmed.*