THE PEOPLE *ex rel.* Ralph Jeffris, County Collector,

*v.*

S. H. RECORD.

*Opinion filed October 24, 1904.*

1. SPECIAL TAXATION—*making and filing of special tax list is jurisdictional.* On application for judgment of sale for a special tax levied for the construction of a sidewalk under the Sidewalk act of 1875, it is incumbent on the city to prove compliance with the statute and the ordinance in the matter of making and filing a special tax list.

2. SAME—*bill of costs is not a warrant.* Delivery by the city clerk to the city marshal of the bill of costs for a sidewalk built by special taxation, to collect the same, is not a compliance with section 3 of the Sidewalk act of 1875, requiring the city clerk to issue warrants for the collection of the tax; nor can the bill of costs be made into a warrant by amendment thereof upon application for judgment of sale.

3. SAME—*section 191 of Revenue act, concerning amendments, construed.* Section 191 of the Revenue act, although liberal in allowing irregularities not affecting the substantial justice of the tax to be corrected upon application for judgment of sale, does not authorize the court to levy a tax where none has been levied by the proper officers.

4. SAME—*what not a return by city collector.* An oral statement by the city collector, when handing back the bill of costs to the city clerk, that he had made demand for the tax and been unable to collect it, is not a return and is not subject to amendment on application for judgment of sale.

WRIT OF ERROR to the County Court of Coles county; the Hon. T. N. COFER, Judge, presiding.

This is an application by the county collector of Coles county to the county court for judgment against lot 8 in Owen's addition to Charleston, conceded to be owned by the defendant in error, for a special sidewalk tax of $138.60 for the construction of a sidewalk three feet in width on North Division street between the north line of Railroad street and the north line of Walnut street, on the west side thereof, in

said city of Charleston, and for an order of sale of said premises to satisfy the same. The defendant in error appeared, and filed three objections to the entry of judgment against his lot. On June 9, 1903, the county court sustained the objections, and refused judgment against the lot for the said sidewalk tax, to which the plaintiff in error excepted. The present writ of error is prosecuted from such judgment.

H. P. COFER, City Attorney, and JOHN F. VOIGT, Jr., State's Attorney, for plaintiff in error.

A. C. ANDERSON, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first objection, made by defendant in error upon the trial below, is that no special tax was ever made out against his lot, and that no special tax list against the same was ever filed with the city clerk of the city of Charleston.

The sidewalk was constructed under the provisions of the act of April 15, 1875, "to provide additional means for the construction of sidewalks in cities, towns and villages." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 857). Section 3 of that act provides that the ordinance for the construction of the sidewalk may provide that a bill of the cost thereof, showing in separate items the cost of grading, materials, laying down, and supervision, shall be filed in the office of the clerk of such city, town, or village, certified to by the officer, or board, designated by said ordinance to take charge of the construction of such sidewalk, together with a list of the lots or parcels of land touching upon the line of such sidewalk, the names of the owners thereof, and the frontage, superficial area, or assessed value, according as such ordinance may provide for the levy of said costs by frontage, superficial area, or assessed value; and that, thereupon, the clerk shall proceed to prepare a special tax list against said lots or parcels

and the owners thereof, ascertaining by computation the amount of special tax to be charged against each of such lots or parcels, and the owners thereof, on account of the construction of such sidewalk, etc. The ordinance, passed by the city council of Charleston for the construction of the sidewalk here in question, provides that the cost and all expenses therefor shall be paid for by special tax on the lots, etc., contiguous to and abutting upon said street, etc., and levies the cost against each and every lot, touching upon said sidewalk, according to its frontage. Section 4 of the ordinance provides that the construction of the sidewalk shall be under the supervision of, and the material furnished for the same shall be subject to the approval of, the street and alley committee of the city council, and of the superintendent of streets of said city. Section 5 of the ordinance provides in substance that, when any of such sidewalk is to be constructed by the city, the superintendent of streets shall, within fifteen days after its completion, file a certified bill of the cost of such sidewalk in the office of the city clerk, showing the items above mentioned. Section 6 of the ordinance provides, in substance, that, on the filing of the aforesaid bill of costs, the city clerk shall at once prepare a special tax list in book form against such lot, lots, or parcels of land, and the owners thereof, on account of such sidewalk, according to the frontage, for the levy of such special tax, which list or book shall be kept on file in his office, etc.

The testimony shows that the bill of costs of the sidewalk, dated January 13, 1903, signed by the city clerk, was made out and delivered to the clerk. This bill of costs shows the items, required by the statute and by the ordinance, and contains a description of the lot, and is made out in the form of a bill of so much money due from the defendant in error to the city of Charleston. This paper, being a bill of the cost of the sidewalk, was the only paper the city clerk ever had in relation to this tax. A search was made for a tax list, and none was found. No special tax list was ever filed with the

clerk. Only the ordinance, or minutes of the ordinance, were filed. The city did not prove the existence of any special tax list, and only proved the existence of said bill of costs, and of said ordinance, or the minutes thereof. It was incumbent upon the city to show that the ordinance in question had been complied with in the matter of filing with the city clerk such tax list. (*Hoover* v. *People,* 171 Ill. 182; *Jeffris* v. *Cash,* 207 id. 405). The making and filing of such a special tax list is jurisdictional. (*Biggins' Estate* v. *People,* 193 Ill. 601; *Craig* v. *People,* id. 199; *Holland* v. *People,* 189 id. 348).

*Second*—The second objection, made by the defendant in error to the entry of judgment against his lot, was that no warrant was ever issued by the city clerk of Charleston to the city marshal of said city to collect said sidewalk tax.

Section 3 of the act of 1875 provides that the city clerk, after preparing the special tax list, shall thereupon issue warrants directed to such officer, as may be designated in such ordinance, for the collection of the amount of special tax so ascertained and appearing from said special tax list to be due from the respective owners of the lots, or parcels of land, touching upon the line of such sidewalk; and such officer shall proceed to collect such warrants, and make return thereof, together with the moneys collected, to the clerk of such city, town or village, within sixty days of the date of their issue, etc. Section 6 of the ordinance in question provided that the clerk should issue warrants for the collection of the tax to the city marshal, who was made collector of such special tax, and he was required thereby to proceed to collect such warrants, and make final return thereof within sixty days, etc.

There is no evidence whatever in the record that any warrants, such as are required both by the statute and by the ordinance, were ever issued to the city marshal. The only evidence upon that subject is the statement by the city clerk that he handed the bill of costs above described to the mar-

212-5

shal to collect the same from the defendant in error. Clearly, the bill of costs was not a warrant, and the handing of it by the city clerk to the city marshal was not the issuance of a warrant. The proof shows that the city marshal went to the defendant in error, and demanded from him the payment of the tax, but the city marshal made no return to the city clerk, that he had made such demand, and had been unable to collect the tax.

Upon the trial, the plaintiff in error made a motion before the county court for leave to have the city clerk amend the warrant by inserting therein in the presence of the court the following words: "To the city marshal of Charleston— You are hereby directed to collect the amount set forth below from S. H. Record, as set forth in said bill, and this shall be your warrant therefor." The court refused to grant leave to thus amend the bill of costs. It is claimed by the plaintiff in error that the court erred in refusing to grant this motion, upon the ground that, under section 191 of the Revenue act, the court had the power to permit such amendment to be made. But while it is true that the Revenue law is liberal in allowing irregularities, informalities or omissions, not affecting the substantial justice of the tax, to be corrected or supplied upon application for judgment, it does not authorize the court to levy a tax where none has been levied by the proper officers. If any warrant had been issued, a question might arise whether plaintiff in error had a right to amend it in the respect indicated in the presence of the court. But, here, there was no warrant to amend, as none had been issued. (*Biggins' Estate* v. *People, supra*). The court committed no error in sustaining the second objection.

*Third*—The third objection, made by the defendant in error, is that no return was ever made by the city collector, who was the city marshal, within sixty days upon said warrant, as required by the statute and the ordinance. The evidence shows that no return was ever made by the city marshal, but that he merely handed back the bill of costs to

the city clerk with the statement, made orally, that he had made a demand for the amount of the tax and had been unable to collect it. This was not a return, and not being a return, the court committed no error in refusing to allow it to be amended. There having been no return there was nothing to amend by. The case of *Biggins' Estate* v. *People, supra,* is decisive of the question here involved. In the latter case it was objected that the city clerk failed to prepare a special tax list and file the same in his office, or issue a warrant to the officer designated in the ordinance for the collection of the tax, and that the city collector failed to make a return of said warrant to the city clerk; and it there appeared that the only attempt, made by the city officials to comply with the statute, was that the city engineer made out a return of the cost of constructing the sidewalk, and gave it to the city clerk, and the city clerk, after making a list of the estimates, gave the original estimates to the city collector, who held them for some time, when he returned part of them to the city clerk, with a verbal statement that he had been unable to collect the same; and we there said (p. 606) : "No special tax list was prepared by the clerk and filed in his office; no warrant for the collection of the tax was issued by the city clerk to the city collector; no return was made by the city collector to the city clerk.  *  *  *  We think, therefore, there was a total failure on the part of the officials of said city to comply with the provisions of the statute and ordinance, and that, by reason of such failure, the county court was without jurisdiction to render a judgment against said lot or parcel of land for the amount of said special tax.  *  *  *  Here, nothing had been filed which, by the most liberal construction of the statute, could be held to be a report. There was here, therefore, nothing to amend, as there was no report on file, and the court had no power to allow a report to be filed for the first time at the hearing, and then render judgment thereon against said lot or parcel of land for said special tax.  *  *  .*  To hold this special tax to be valid would be to

hold that the provisions of the statute, pointing out the necessary steps to be taken by the city officials in the levy of a special tax, may be entirely disregarded and the property of the citizen taken to satisfy such tax."

It is also to be observed that, when the court refused the motion for leave to make these amendments, no exception was taken by the People to the ruling. It furthermore appears that counsel for the People did not prepare or submit any amendments, so far as the return of any alleged warrant was concerned.

For the reasons above stated, we are of the opinion that the objections, made by the defendant in error, were properly sustained by the county court.

Accordingly, the judgment of the county court is affirmed.                    *Judgment affirmed.*