NICHOLAS CRAMER *et al.*

*v.*

THE CITY OF CHARLESTON.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. SPECIAL TAXATION—*when an ordinance sufficiently shows basis of apportioning tax.* An ordinance providing that a certain street shall be paved a designated distance on each side of the center, between specified points constituting the termini, and that the improvement be paid for by special taxation upon contiguous property except at street crossings and opposite property owned by the city, sufficiently shows that the tax is to be apportioned on the basis of frontage.

2. SAME—*an ordinance giving data for excavating with reference to an "established grade" is sufficient.* A paving ordinance which provides that the excavation of the street at the center be a certain number of inches "below the established street grade," the excavation at the side lines being similarly described but of greater depth, is sufficient in its specification of the grade.

3. APPEALS AND ERRORS—*when finding of court as to publication of notice is presumed to be sustained by proof.* Where the judgment of the court confirming a special tax shows that evidence was introduced on the question of publication of notice, and that the court expressly found that such publication was sufficient, it will be presumed on appeal, in the absence of a bill of exceptions, that the finding was warranted by the proof.

WRIT OF ERROR to the County Court of Coles county; the Hon. S. S. ANDERSON, Judge, presiding.

J. H. MARSHALL, and HUGHES & HAYES, for plaintiffs in error.

W. E. ADAMS, H. A. NEAL, and F. K. DUNN, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The city of Charleston passed an ordinance providing for the paving of Sixth street in that city, to be paid for by special taxation. A committee was appointed who made the estimate of cost and reported the same to the city council, by whom it was approved and a resolution adopted directing the city clerk to file in the county court a petition for the confirmation of the assessment. On the filing of that petition commissioners were appointed to spread the assessment, who gave notice and published the same in pursuance of the statute. Judgment of confirmation was entered. Certain property owners sued out this writ of error and have assigned errors questioning the validity of the ordinance, the report of the committee to make estimate of cost, and the proceedings of the commissioners to spread the assessment.

It is objected, first, that the ordinance provides no rule of apportionment by which the tax may be assessed against the contiguous property. The ordinance provides the street shall be paved fifteen feet each way from the center thereof, between designated points which constitute the termini of the improvement, and provides that the same shall be paid for by special taxation, except at street crossings and opposite property owned by the city. The total length of the improvement being determined and the width of the street intersections and of property owned by the city being found, and to be deducted from the total length, leaves the residue, under the ordinance, as the amount that is to be paid by special taxation on contiguous property. The ordinance by its own terms

giving the data by which the length of the improvement to be paid for by special taxation is to be found, and by its terms providing the same shall be paid for by contiguous property, is a declaration that it shall be paid for according to frontage. The ordinance therefore provides a rule of apportionment by which the tax is to be assessed against contiguous property.

The second objection is, that the ordinance does not give a sufficient description of the nature, locality and description of the proposed improvement. The only point made under this objection is, that the grade of the street is not given in the ordinance, and that there is a failure to fix the grade or refer to any other ordinance, profile or monument establishing such grade. By section 3 of the ordinance it is provided: "That said excavating, grading, graveling, curbing, paving and guttering shall be made and done according to the following plans and specifications: That said portion of said street for a distance of fifteen feet on each side of the center line of said street shall be excavated; that said excavation along the center line of said street shall be made to a depth of twelve inches below the established street grade, and the side lines of such excavations to the depth of sixteen inches below the established street grade." This provision of the ordinance specially refers to an established street grade, and is sufficient in this respect.

The third objection is, that the ordinance makes no levy. Section 2 of the ordinance provides: "Said improvement is declared to be a local improvement, the cost thereof and all expenses therewith connected to be paid for by special taxation of the lots, parts of lots, parcels of lands contiguous to and abutting upon said street on both sides thereof, except the cost and expenses of so much of said improvements as may be made at street and alley intersections or crossings, or lots, parts of lots or parcels of ground owned by said city." This, in connection with the report of the committee, is a sufficient des-

ignation of the property against which the levy was to be made, the amount of the levy being made on contiguous property, less certain exceptions, and the amount against each piece to be spread on the assessment roll.

It is contended that the report of the estimating committee is invalid, because, it is alleged, it includes items for contingencies, for contractor's margin for curbing, and profit on same, and for collection. The report of the committee recites: "Your committee appointed * * * to make an estimate of the cost of labor, materials and all other expenses and costs attending the same, and the costs of proceedings in court, being for the assessing and collecting and all other expenses connected with such an assessment, * * * do hereby report the costs thereof, and all expenses attending the same local improvement, to be so estimated by us at the sum of $27,754.15." Then follows the estimate of the cost per square yard, in which the items objected to are included. It is very easy to determine the cost per square yard by taking the total amount determined by the committee as the cost of the improvement, and dividing it by the amount per square yard as found by that committee. The various items of cost to which objections are made are reasonable items to be taken into consideration in determining the estimate and cost of levying and collecting the special tax.

It is objected that the certificate of publication of notice is not sufficient, being signed by the "Plaindealer Printing Company." Whilst a certificate of publication of notice is made by the Plaindealer Printing Company, such as is required by the statute, it appears that by the judgment of the court it was expressly found as follows: "And it further appearing to the court from the certificate of H. B. Glasscoe, publisher of the *Charleston Plaindealer*, that such notice was published in the *Charleston Plaindealer*, a daily newspaper published in the city of Charleston, for more than five successive days, the first insertion being on Friday, April 24, 1896, and the last insertion on

May 2, 1896, and that such notice was in the form pre-scribed in paragraph 27 of article 9, chapter 24, of the Revised Statutes of Illinois." From this it is apparent that evidence was presented and that the court expressly found the publication was properly made. The bill of exceptions does not show any facts that convince us the court erred in so, finding.

It is then objected that the assessment roll is insuf-ficient. It is true the assessment roll does not show how the commissioners arrived at the manner of assessment, or whether the same is by frontage, or by value, or area. It is apparent the ordinance contemplates an assessment by frontage, and there is nothing in this record to show that it was not thus made. It is true, the assessment roll does not show the property assessed is contiguous to the line of the proposed improvement; but the ordinance im-poses the burden upon the property contiguous to the street, except such as is to be paid by the city. The ordi-nance and order of the court direct the assessment to be made as specified in the petition and ordinance. It cannot be held that the assessment was not made on the property contiguous to the improvement. It appears the street and alley intersections, and so much of the cost of the improvement as exceeds the benefits to abutting prop-erty owners, were assessed against the city, and this was in accordance with the ordinance and in compliance with the law.

In the absence of a bill of exceptions in this case, and from a consideration of the entire record, we are disposed to hold that this special tax was assessed in pursuance of law, and the judgment of the county court of Coles county is affirmed.

*Judgment affirmed.*