Benjamin D. Brewster *et al.*

*v.*

THE CITY OF PERU.

*Opinion filed June 17, 1899.*

1. SPECIAL TAXATION—*city must establish existence of grade referred to in a paving ordinance.* Where an ordinance for paving certain streets by special taxation describes the grade by reference to an established grade, it is necessary for the city, upon the trial, to prove, in the first instance, a valid ordinance or ordinances fixing the grade for all parts of the streets to be paved.

2. SAME—*confirmation should be refused where grade for part of improvement is not established.* Where the evidence offered by the city at the application to confirm a special tax for paving fails to show that any grade for a portion of the street to be paved had been established, judgment of confirmation should be refused as to parties raising the objection.

APPEAL from the County Court of LaSalle county; the Hon. H. W. JOHNSON, Judge, presiding.

This is a proceeding by special taxation for the improvement by curbing and macadamizing of Marion street, and certain parts of Putnam, Second and Peoria streets in the city of Peru in LaSalle county. The improvement was to be of the whole of Marion street, and of Putnam street from its southern line to Second street, and of Second street from West street to Peoria street, and of "Peoria street from the north line of the intersection of Second and Peoria streets to the northern limits of the city of Peru." Appellants are the owners of property sought to be specially taxed for the improvement, and filed objections in the county court to the confirmation of the assessment. These objections were overruled by the court, and judgment was entered, approving and confirming the assessment roll. The present appeal is prosecuted from such judgment of confirmation by the county court of LaSalle county.

FRED T. BEERS, for appellants.

CHARLES W. HELMIG, (LINCOLN & STEAD, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Many objections were filed to the confirmation of the assessment; but we deem it necessary to notice only one of them. The first objection, made by appellants in the court below, was that the nature, character, description and extent of the alleged improvements, for which the assessment was extended or levied, were not specified in the ordinance. The ordinance was passed on June 29, 1897. Section 1 of the ordinance provides that "the curb shall be constructed on the ground in alternate sections, and the top edge shall conform to the line and grade of said streets, as established by an ordinance of the city of Peru, passed by the city council of the city of Peru on the 27th day of May, A. D. 1897, and by an ordinance of the city of Peru, passed by the city council of said city on the 29th day of June, A. D. 1897." Said section 1 in another part thereof also provides, that "the center of said roadway of said streets, between the points above designated, as aforesaid, when completed, shall conform to the established grade of said streets."

Upon the trial in the court below the appellee, the city of Peru, introduced in evidence the grade ordinance of June 29, 1897, referred to in said section 1 of the ordinance, upon which this proceeding is based. The appellee, however, did not introduce in evidence the ordinance of May 27, 1897, referred to in said section 1. A plat or map of the city of Peru was introduced, which shows that Main street in the southern portion of the city runs east and west, and parallel with the streets numbered from First to Eleventh, which also run east and west, and are parallel with each other. The plat shows, that

Peoria street runs from Main street on the south to the northern limits of the city. From Eleventh street northward Peoria street runs through an eighty-acre tract, known as the Brewster tract, which has never been subdivided into lots and blocks, and is acre or farm property.

The grade ordinance of June 29, 1897, introduced in evidence by appellee, determines the grade of the route of Peoria street from Main street to Third street; and also determines the grade of the route of Peoria street from the north line of Eleventh street north to the city limits. But said ordinance does not determine the grade of the route of Peoria street from Third street north to Eleventh street. The distance on Peoria street from Third street on the south to Eleventh street on the north is eight blocks, or nearly one-half mile. It was not shown, that any grade whatever was established for this portion of Peoria street, located between Third street and Eleventh street.

It is true, that it is not necessary to set out a grade ordinance in the improvement ordinance. It is sufficient if the ordinance for the improvement specifically refers to an established street grade. (*Cramer* v. *City of Charleston,* 176 Ill. 507; *Lehmers* v. *City of Chicago,* 178 id. 530; *Claflin* v. *City of Chicago,* id. 549). But where the ordinance for the improvement refers, in describing the improvement, to an ordinance establishing the grade, as was done in this case, or to the established grade of a street generally, it must appear upon the trial that an ordinance was passed establishing the grade. It was said in *Claflin* v. *City of Chicago, supra:* "If it should be shown on the hearing that there was no ordinance establishing a grade, it would be a good defense to an application for judgment." It was held to the same effect in *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 Ill. 439.

In *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago, supra,* the proof, showing the absence of an ordinance establishing the grade, was made by the objectors

to the confirmation of the assessment; and, inasmuch as such proof was furnished by the objectors, it was there said that it was not necessary to determine, whether it devolved upon the municipality seeking to make the improvement to prove in the first place the existence of the ordinance establishing the grade, or whether it was the duty of the objectors to show the absence of such ordinance. Here, however, the appellee itself undertook to prove the existence of an ordinance establishing the grades of the street and portions of streets sought to be improved. The only ordinance, which appellee introduced, showed that no grade whatever had been established for a portion of one of the streets sought to be improved, extending a distance of about one-half a mile.

We think that it was incumbent upon the appellee in the first place to prove, that the grades of all portions of the streets sought to be improved had been established by ordinance.

This court has often said, that a legal and sufficient ordinance is the foundation of a valid special assessment or of a proceeding by special taxation; and that, if the ordinance does not contain a specification or description of the nature, character and locality of the improvement either within its own four corners, or by reference to maps, plats, plans, profiles or specifications on file in the office designated by the statute, the court will have no authority to confirm the assessment. The ordinance is the basis of all contracts for the construction of the improvement. (*City of Alton* v. *Middleton's Heirs*, 158 Ill. 442). The ordinance must give such a description of the improvement that an intelligent and substantially correct estimate of its cost can be made. (*City of Carlinville* v. *McClure*, 156 Ill. 492; *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 172 id. 66). In order to make an intelligent and substantially correct estimate of the cost of the improvement, the ordinance for the improvement must, either upon the face of it or by reference to some

other ordinance, or map, plat, plan, profile or specification, indicate the grade of the street, which it is proposed to improve. In *City of Carlinville* v. *McClure, supra,* we said: "It is necessary that the grade of the street should be made to appear, in order to show what amount of excavation and fill respectively are required to be made in the construction of the improvement." In the *McClure case, supra,* the reference in the ordinance for the improvement as to the grade of the street was to a profile of the street on file in the office of the city clerk, and it was there held that the ordinance for the improvement and the profile referred to should be considered together, and that the profile should be read into the ordinance as a part thereof, and the ordinance should be interpreted in the light of the profile thus read into it, in order that the nature, character, locality and description of the street improved should be made sufficiently to appear in the ordinance. If, then, the ordinance, or document referred to, as establishing the grade, should be read into the ordinance for the improvement as a part thereof, in order to establish the validity of the latter ordinance, and in order to show that it complies with the statute, it would seem to follow, as a matter of course, that it is the duty of the municipality, petitioning for the improvement, in the first place to show the establishment of the grade of the street. This court has held that, in the exercise of the great power over the rights of private property which is conferred in proceedings by special taxation and special assessment, there must be a close, straightforward and honest compliance with every substantial requirement of the law. (*City of Alton* v. *Middleton's Heirs, supra; Lake Shore and Michigan Southern Railroad Co.* v. *City of Chicago,* 56 Ill. 454; *Davis* v. *City of Litchfield,* 145 id. 313). In *Davis* v. *City of Litchfield, supra,* we said (p. 324): "The rule applicable to general taxation, that no power can be exercised by the municipality which is not clearly granted, and that the power granted must be strictly

pursued, applies with equal force to all species of taxation for local improvement. When the power is clearly given, then, in the exercise of the power, the provisions for the imposition of the tax must be strictly followed."

We are, therefore, of the opinion that the burden of proof was upon the appellee in the first place to show a valid ordinance, establishing the grade of all parts of the streets whose improvement was petitioned for. Recognizing that such burden of proof was upon it, the appellee undertook to show that the grades of the streets, mentioned in section 1 of the ordinance for the improvement, had been established. Accordingly, it introduced in evidence, as has already been stated, the grade ordinance passed on June 29, 1897. The latter ordinance, however, failed to show that any grade had been established for Peoria street between Third and Eleventh streets. If the ordinance of May 27, 1897, cured the defect in the ordinance of June 29, 1897, by showing that a grade had been established for the portion of Peoria street lying between Third and Eleventh streets, then it was the duty of appellee to introduce in evidence the ordinance of May 27, 1897. It did not do so. It follows, that appellee's proof as to the establishment of the grade for the portion of Peoria street thus indicated was defective; and the objection made by the appellants, which was based upon the absence of proof as to the establishment of the grade, should have been sustained.

For the error above indicated, the judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*