ISAAC B. CRAIG

*v.*

THE PEOPLE *ex rel.* D. C. Gannaway, County Collector.

*Opinion filed December 18, 1901.*

1. SPECIAL TAXATION—*special tax for constructing sidewalk at established grade invalid if grade is not fixed by any ordinance.* If an ordinance requires an improvement which is to be paid for by special taxation to conform to an established grade, the tax will not be legal if there is no ordinance establishing such grade.

2. SAME—*property is not delinquent until city clerk reports the uncollected warrants.* Under the Sidewalk act of 1875 property specially taxed for a sidewalk is not delinquent until the collector has returned the warrants to the city clerk and the latter has made a report, in writing, of the uncollected tax to the general officer of the county authorized by law to apply for judgment; nor can a copy of the warrants and list issued by the city clerk to the city collector be substituted for the clerk's report.

3. SAME—*section 191 of Revenue act does not permit essential steps in tax levy to be first taken on application for sale.* Section 191 of the Revenue act, providing for amendments, corrections and supplying of omissions on application for judgment of sale, does not authorize essential steps in the levy of a tax to be first taken on application for judgment of sale.

4. SAME—*certified bill of costs cannot be made before sidewalk is completed.* If the entire cost of a sidewalk is to be apportioned upon the lots according to frontage, a certified bill of costs, required to be filed by the city engineer in case the city constructed the walk, cannot be made before the sidewalk is completed.

| 193 | 199 |
| --- | --- |
| p196 | 192 |

| 193 | 199 |
| --- | --- |
| 201 | 1458 |

| 193 | 199 |
| --- | --- |
| 202 | 3 37 |
| d202 | 3 39 |

| 193 | 199 |
| --- | --- |
| 203 | 4 22 |
| f203 | 4 23 |
| d203 | 2209 |
| 204 | 4467 |
| 204 | 1503 |
| 204 | 1504 |

| 193 | 199 |
| --- | --- |
| 208 | 1302 |
| 208 | 648 |

| 193 | 199 |
| --- | --- |
| 212 | 2 65 |

WRIT OF ERROR to the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

JAMES W. & EDWARD C. CRAIG, (ISAAC B. CRAIG, *pro se,*) for plaintiff in error.

ANDERSON STEWART, City Attorney, and JOHN F. VOIGT, Jr., State's Attorney, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Coles county overruled objections to the application of the county collector of said county for judgment against lots of the plaintiff in error in the city of Mattoon for a special tax levied by said city to pay for a concrete cement sidewalk on the north side of Shelby avenue, on which the lots abutted, and rendered judgment for sale of the lots.

The ordinance for the construction of the sidewalk was passed April 30, 1900, under the provisions of the act to provide additional means for the construction of sidewalks, in force July 1, 1875. (1 Starr & Cur. Stat. 1896, p. 857.) It provided that the entire cost of the sidewalk, and all expenses, should be paid by special taxation of the lots or parcels of land along the line of the sidewalk according to their frontage thereon, and that the sidewalk should conform to the general sidewalk ordinance of the city. The general sidewalk ordinance so referred to and made a part of the ordinance for this sidewalk, provided that a permanent grade should be established in the street covered by any special ordinance for a sidewalk, before work thereunder should be required to be performed. Said ordinance for the construction of this sidewalk allowed to the owners thirty days after its publication to build the sidewalk in front of their respective lots or parcels of land, as provided by said statute, and required that the entire space of the walk should be excavated to the depth of fourteen inches

below the established grade of the street, and the sub-grade should then be rolled and tamped until such sub-grade presented a smooth and regular surface, in strict conformity with the grade established, and the sidewalk should be built thereon as specified in the ordinance. Plaintiff in error did not build the sidewalk in front of his lots, and the city undertook the construction of it. It was shown on the hearing that no grade of said street had ever been established. Before the city commenced work the city engineer set stakes for the grade at which the sidewalk was built, but no ordinance was ever passed establishing a grade.

It is not necessary that the ordinance for a local improvement should recite the ordinance establishing the grade. (*Parker* v. *Village of LaGrange*, 171 Ill. 344.) Reference to the established grade of a street to be improved, which has been established by another ordinance, is a sufficient specification of the grade. (*Claflin* v. *City of Chicago*, 178 Ill. 549.) But a street grade can only be established by an ordinance of the city. (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439; *Shannon* v. *Village of Hinsdale*, 180 id. 202.) Where an ordinance requires an improvement that is to be paid for by special taxation to conform to an established grade, the tax will not be legal in the absence of an ordinance establishing such grade. (*Brewster* v. *City of Peru*, 180 Ill. 124.) Plaintiff in error proved that upon a search of the records of the city no ordinance fixing the grade of this street could be found, and the city did not undertake to prove the existence of any ordinance.

The act under which the city attempted to levy the tax provides for a special tax-list to be prepared by the city clerk and filed in his office, and that warrants shall be issued by him for the collection of such tax. The warrants are to be returned to the city clerk within sixty days from the date of their issue, and the city clerk is then required to make a report, in writing, of the special

tax uncollected, to the general officer of the county authorized by law to apply for a judgment against and sell lands for delinquent taxes. When said general officer shall receive said report he is directed to proceed to obtain judgment against the lots or parcels of land for the special tax remaining due and unpaid. In this case the city clerk issued warrants to the city collector, but no return of such warrants was ever made to the city clerk and he did not make any report to the county collector. The city collector, on April 29, 1901, sent to the county collector a copy of the warrants and list issued to him by the city clerk. It was not accompanied with a certificate of the clerk, or his affidavit, or a copy of the ordinance ordering the construction of the sidewalk. There was a complete failure to comply with the statute, and the county collector made his application without any report by the city clerk. The warrant issued by the clerk cannot be substituted for the report required by the statute. (*Hoover* v. *People*, 171 Ill. 182.) On the hearing, the county court allowed a copy of the ordinance and a certificate and affidavit of the city clerk to be filed. It is insisted by the defendant in error that this was permissible under section 191 of the Revenue act, providing for amendments, corrections and supplying omissions upon application for judgment. (3 Starr & Cur. Stat. 1896, p. 3470.) That section does not permit an essential step provided for by statute in the levy of a tax to be taken for the first time on the application for judgment. The officer authorized by law to make a report to the county collector as a basis of the application for judgment never made any such report, and there was nothing to amend or correct. The warrants issued for the collection of the tax had never been returned to the city clerk, and the property could not be said to be delinquent, under the law, until that return was made.

The provision of the statute is, that when a city builds a sidewalk, a bill of its cost shall be filed in the office of

the clerk of the city as a basis for the special tax.   The ordinance in this case provided that the entire cost and expenses should be paid by special taxation of lots abutting on the walk, according to their frontage, and that if the city should build the walk the city engineer should, within fifteen days after its completion, file such bill of its cost in the office of the city clerk, duly certified.   The evidence was that the sidewalk was not completed when the bill of cost was filed nor at the time of the application for judgment.   As the entire cost of the whole walk was to be apportioned to the lots according to their frontage, it could not have been ascertained at that time.   No certified bill of the cost of the sidewalk could be made before it was completed, when the city engineer attempted to file such bill with the city clerk.   The objections should have been sustained.

The judgment of the county court is reversed and the cause is remanded.                *Reversed and remanded.*