The People *ex rel.* D. C. Gannaway, County Collector,

*v.*

N. C. Smith *et al.*

*Opinion filed February 18, 1903.*

1. SPECIAL TAXATION—*when an objection as to omission in proof is waived.* Objecting property owners, on an application for judgment of sale for a delinquent special tax for a sidewalk, need not prove the identity of the street and the location of the assessed lots, where such facts were assumed without question by both parties at the trial, and it was not then objected that the evidence offered did not relate to the tax sought to be enforced.

2. SAME—*original ordinance identified by clerk is admissible.* The original ordinance under which a special tax for a sidewalk was levied is admissible in evidence, upon application for judgment of sale, when identified by the testimony of the city clerk.

3. SAME—*when ordinance fails to establish grade.* The grade at which a sidewalk is to be built is not established where the ordinance for the walk provides only that it shall be built in conformity with the established grade of the street, and the objectors prove by the city clerk and others that no ordinance fixing a grade for street, or any data from which such grade might be computed, could be found among the records and files of the city.

4. SAME—*grade is essential to validity of a sidewalk tax.* Before a judgment of sale can be rendered on a delinquent special tax for building a sidewalk it is necessary to prove that a grade for such walk had been established.

5. SAME—*when bill of cost of a sidewalk is insufficient.* If the cost of building a sidewalk by special taxation cannot be apportioned until the whole walk is completed, the making of bills of cost on portions of the walk as they were completed is not sufficient, there being no entire bill made out after the walk was finished.

6. AFFIDAVITS—*affidavit in support of motion for new trial should be saved by bill of exceptions.* An affidavit in support of a motion for new trial cannot be considered on appeal, where it is inserted by the clerk in the record but is not contained in bill of exceptions.

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

J. F. VOIGT, Jr., ANDERSON STEWART, and JAMES W. & EDWARD C. CRAIG, for appellant.

CRAIG & KINZEL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Coles county denying the application of the county collector of that county for judgment for the sale of certain lots in the city of Mattoon for a delinquent special tax to build a sidewalk.

It is first objected by the appellant that the appellees did not allege and prove that the delinquent tax was for a sidewalk on Champaign avenue, and that they failed to show that many of the lots were situated on that part of Champaign avenue on which the sidewalk had been ordered constructed. Each of the objectors filed his written objection to the rendition of the judgment, setting forth the description of the property owned by him and objecting "to judgment being rendered against said property for the delinquent sidewalk taxes assessed against said property for the improvement of Champaign street, in said city, county and State aforesaid," assigning ten reasons for such objection. To make a *prima facie* case the People offered in evidence the tax, judgment, sale, redemption and forfeiture record, showing the list of lands and lots returned delinquent by the collector, and directed him to "turn to the pages that contain the delinquent sidewalk taxes in Mattoon," and offered particularly the pages and lines of the record showing "the numbers that are objected to by the property owners on Champaign avenue, in the city of Mattoon." This record shows columns containing the names of the property owners and description of the property, and columns of figures with the headings, respectively, "Sidewalk,"

"Total," "Int. after May 1," "Costs," and "Amt. judgment asked for." The People also offered in evidence a copy of the newspaper containing the notice of application for judgment and the list of delinquent lands and lots for taxes, special assessments, etc., for 1901. The portion containing the names and property of the objectors has this heading, in two lines: "Sidewalk Mattoon.— Champaign avenue, original Mattoon & Noyes' addition." The whole case was tried on the assumption that the special taxes objected to were for a sidewalk on Champaign avenue, and evidence of the ownership of the different parcels listed in the delinquent tax list was offered by the objectors. There was no objection made at any time that the evidence offered did not relate to the sidewalk for which the tax was sought to be enforced. The contention is without merit.

Appellees introduced in evidence the original ordinance under which the sidewalk was constructed, after the same had been identified by the city clerk. It is urged that this was not the proper way to prove under what ordinance the sidewalk was constructed, but that the certified copy of the ordinance required by the statute to be annexed by the city clerk to his report to the county collector of the uncollected special taxes was the only proper proof. The city clerk testified that this was the ordinance under which the sidewalk was constructed, and his testimony is uncontradicted. We think the original ordinance was competent evidence.

The principal objections of appellees were, that the city engineer did not, within fifteen days after the completion of the sidewalk, file in the city clerk's office a certified bill of costs, in accordance with the ordinance, and that no grade was established by the ordinance.

The ordinance provides that the entire space of the walk should be excavated to the depth of fourteen inches below the established grade of the street, and the sub-grade should then be rolled and tamped until it presented

a smooth and regular surface in strict conformity with the grade established, and the sidewalk should be built thereon as specified in the ordinance. Appellees proved by the city clerk and others that upon a search of the records of the city and files in the city clerk's office no ordinance fixing the grade of this street, or fixing any datum from which the grade could be computed, could be found. The city attempted to show that a datum had been established by a former city engineer, but no ordinance was shown to have been passed. There is a suggestion in the testimony that such an ordinance might have been destroyed in a fire which destroyed a portion of the city records, but there was no evidence offered as to the contents of such supposed ordinance. The next day after the hearing the People moved for a new trial on account of newly discovered evidence, and filed an affidavit of the city clerk, in which he stated that since testifying he had found that he was mistaken in his testimony, and that the records and ordinances of the city showed that a grade had been established on Champaign street by ordinance; but the court overruled the motion. The affidavit is not in the bill of exceptions, but has been copied by the clerk into the record, of which it is no part, and it cannot be considered, even if it were sufficient. Counsel for appellant insist that as the general sidewalk ordinance of the city is made a part of this particular sidewalk ordinance, such general sidewalk ordinance should have been offered in evidence by appellees, and this not having been done, that it will be presumed by the court, in aid of the *prima facie* case of appellant, that it contained the established grade. The city clerk testified that he had searched the ordinances, records and files in his office and that there was no ordinance establishing a grade. If appellant had been able to contradict this testimony by offering in evidence the general sidewalk ordinance, prudence would have dictated such a course, and counsel would certainly have

pursued it.   We must hold that no grade established by ordinance was proved, and such proof was absolutely necessary before judgment for the tax could be rendered. *Craig* v. *People,* 193 Ill. 199.

Appellant contends that the bill of costs was properly filed fifteen days after the completion of the sidewalk by the city.   The city engineer testified that whenever any particular portion or section was completed he filed the bill of costs for that particular section.   The city clerk testified that the bills of costs for the walk were made as the walk was finished,—sometimes several lots together, sometimes two or three blocks; when a piece of walk was completed the engineer went out and reported on it, and within fifteen days after its completion the bill of costs was filed with the clerk, and he made out the bill for the collector within a day or two.  After the entire walk was completed no entire bill of costs was made out.   As the ordinance under which this sidewalk was built created a taxing district composed of all the property within certain limits, excepting only such property along which the owners had built their own sidewalks, and provided that the cost and all expenses should be paid by special taxation of the contiguous property according to frontage, the costs could not be properly apportioned until the whole walk was built and the whole cost ascertained, and the making out of bills for the collector by the city clerk on portions, only, of the walk was not a compliance with the ordinance.   *Craig* v. *People, supra.*

As the judgment of the county court must be sustained because there was no grade established by ordinance and no certified bill of costs filed after the completion of the entire sidewalk and no proper apportionment of the costs made by the city clerk, it will be unnecessary to consider other points discussed.

The judgment will be affirmed.

*Judgment affirmed.*