LUCIUS G. FISHER *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1904.*

1. SPECIAL ASSESSMENTS—*objections must be so made as to show on what points the decision is asked.* Objections to a special assessment must be made in such a manner as to show upon what points the decision of the county court is desired, and to enable the petitioner, if it can, to obviate the objections.

2. SAME—*objections not made in county court are waived.* Objections to the confirmation of a special assessment which the county court has jurisdiction to hear and determine are waived if not made in that court.

3. SAME—*objection to jurisdiction of subject matter cannot be waived.* An objection that the county court has no jurisdiction of the subject matter cannot be waived and may be raised for the first time on appeal.

4. SAME—*judgment by court having no jurisdiction of subject matter is a nullity.* A judgment rendered by a court having no jurisdiction of the subject matter is a nullity, since consent cannot give such jurisdiction, and a lack thereof may be taken notice of by the court of its own motion.

5. SAME—*when objections cannot be considered on appeal.* All objections to a special assessment which do not go to the jurisdiction of the court over the subject matter are waived and cannot be considered on appeal, although embraced in the objections filed, if no exception was preserved to the ruling of the court thereon.

6. SAME—*pumping station and system of sewers are a local improvement.* A pumping station for sewage, and a system of sewers in connection therewith covering but a portion of a city, are a local improvement which may be constructed by special assessment.

7. COURTS—*one county judge may hear legal objections and another try question of benefits.* It is no objection that the regular

judge of the county court heard the legal objections to a special assessment and set the objections to benefits down for trial at a future time, at which time the county judge of another county tried the objections to benefits, since county judges may act for each other.

8. SAME—*Supreme Court will take judicial notice of who are county judges.* The Supreme Court will take judicial notice of the fact that the acting judge who tried the question of benefits in a special assessment case in place of the regular judge was the county judge of another county in the State at the time.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

N. W. HACKER, and WM. J. DONLIN, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county confirmed a special assessment against property of appellants, levied to defray the cost of constructing a sewage pumping station, including buildings, machinery and appurtenances, and an extensive system of main sewers connected therewith, to be laid in the streets of a part of the city of Chicago, and from the judgment of confirmation this appeal was taken.

The errors assigned which are relied upon in this court are, in effect,—first, that the estimate of the engineer submitted by the board of local improvements with the ordinance is not sufficiently itemized; second, that the ordinance fully describing the improvement varies from the estimate and includes some things not embraced in such estimate; third, that the ordinance does not sufficiently prescribe the nature, character, locality and description of the improvement; fourth, that the ordinance will require future legislation of the city council to make it operative; fifth, that the improvement is not a local improvement for which a special

assessment can be levied but is one which must be paid for by general taxation; sixth, that the judge before whom the question of benefits was heard was without jurisdiction to hear the same; seventh, that the superintendent of special assessments, being an employee of the city, was an interested person, not legally qualified to make the assessment and to apportion benefits between the city and property owners, and that the act authorizing him to do so is void.

None of these objections was presented to the county court. The abstract contains numerous objections which, with two exceptions, could not possibly include any of the objections now made, and the remaining two were of the most general character, to the effect that there was no valid ordinance authorizing the assessment and that the proceedings were not in accordance with the statute, with no hint of any objection now raised. Section 46 of the Local Improvement act provides that any person interested in any real estate to be affected by an assessment may appear and file objections. By section 48 all objections, except as to benefits, are to be heard by the court, and by section 49, if there is an objection as to benefits it is to be tried by a jury, unless a jury shall be waived. (Hurd's Stat. 1899, pp. 372, 373.) An appeal is allowed for the purpose of reviewing the decision of the county court upon the objections filed, and if that court has jurisdiction of the subject matter, the party appearing there must present his objections to that court. Objections must be made in such manner as to show the point on which a decision is asked and to enable the opposite party to obviate the objection, if it can be done. The county court is not charged with the duty of searching for objections which are not pointed out, and an objection not made in that court must be regarded as waived, and cannot be made for the first time on appeal to this court. (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Chicago Terminal Transfer Co.* v. *City of Chicago,* 178 id. 429; *Fiske* v. *People,* 188 id. 206; 2 Cyc. 677.) That rule applies to all objections which the county

court has jurisdiction to hear and determine, but an objection that the court had no jurisdiction of the subject matter is one that cannot be waived, and may be raised for the first time on appeal or writ of error. A judgment rendered by a court having no jurisdiction of the subject matter is a mere nullity. Consent cannot give jurisdiction over subject matter, and a court may take notice of a want of jurisdiction of its own motion. (*Foley* v. *People,* Breese, 57; *Way* v. *Way,* 64 Ill. 406; 2 Cyc. 680.) In this case there is no question of jurisdiction of the persons of appellants. Where a party voluntarily appears and files objections recognizing the jurisdiction, he waives all questions as to jurisdiction over him. The objections now urged, not having been made in the county court, cannot be reviewed except so far as they relate to jurisdiction over the subject matter.

The objections argued here are all what are termed "legal objections" to the assessment, which were proper to be heard by the court. On the question of benefits, appellants waived a jury and offered no evidence, so that there is no question of that kind. When the legal objections were overruled by the court no exception was taken to the ruling or decision, and it could not be reviewed for want of an exception. In order to preserve a question for review on appeal, an exception must be taken to the decision. (*East St. Louis Electric Railway Co.* v. *Stout,* 150 Ill. 9; *Trigger* v. *Drainage District,* 193 id. 230; 2 Cyc. 714; 8 Ency. of Pl. & Pr. 163.) All objections, therefore, which do not go to the jurisdiction of the county court over the subject matter have been waived and cannot be considered on this appeal, even if they were embraced in objections filed.

There can be no doubt that the county court had jurisdiction to hear and determine most of the objections presented to this court. The estimate contained thirty-three items, and the objection to it is, that portions of the improvement which should have been separately itemized were included in one item. The county court had jurisdiction to

hear and determine that question. The same is true of the questions whether there was a variance between the ordinance and the estimate, and whether the ordinance sufficiently gave the nature, character, locality and description of the improvement. It cannot be said that the ordinance contained no description of the improvement, but, on the contrary, it was very lengthy, with minute descriptions embracing a great many details. Whether it contained something which was not embraced in the estimate the county court was authorized to decide, subject to review on appeal. The questions whether the ordinance would require future legislation in order to make it operative and whether the superintendent of special assessments was legally qualified to make the assessment are not questions affecting the jurisdiction of the county court, but questions which were proper to be presented to that court and decided by it. If appellants claimed that the provision of the Local Improvement act authorizing the superintendent of special assessments to act was void they ought to have presented that question to the county court.

While we do not decide whether the jurisdiction of the county court over the subject matter would be affected if it should be held that the improvement provided for is not a local improvement, we think it clear that the pumping station and system of sewers constitute a local improvement for which a special assessment may properly be levied. An improvement of a local character may be of some general benefit to the city at large, and the Local Improvement act contemplates that some portion of the burden may be laid upon the public, but it is clear that a large portion of the city would derive little or no benefit or advantage from the improvement. The substantial benefits to be derived from it are local in their nature, and a portion of the city, where the sewers are laid, will be specially and peculiarly benefited in the enhancement of property. The system of sewers and a sewage pumping station, although a benefit to a considerable area of the city, covers but a small part of the city and is not

a general water-works plant or a plant for street lighting, which is of general utility to all the inhabitants of the municipality, as in the cases of *Hughes* v. *City of Momence,* 163 Ill. 535; *Hewes* v. *Glos,* 170 id. 436, and *Ewart* v. *Village of Western Springs,* 180 id. 318.

The objection that the judge before whom the question of benefits was tried did not have jurisdiction and that the judgment entered by him was void is one that can be raised on this appeal under the rules already stated. The *placita* at the commencement of the record shows that Orrin N. Carter is sole presiding judge of the county court. The record recites that the cause came on for hearing before him on the legal objections of appellants, and that he heard and overruled all such objections and set the objection as to benefits down for trial at a future time. In pursuance of that order the objection relating to benefits came on for trial before Linus C. Ruth, acting judge of the county court of Cook county. County judges may hold court for each other and perform each other's duties. The record does not show whether Judge Carter was at the time holding court in Cook county, but if he was it would be no objection. (*Pike* v. *City of Chicago,* 155 Ill. 656; *Wells* v. *People,* 156 id. 616.) We will take judicial notice that Linus C. Ruth was judge of the county court of DuPage county, (*Vahle* v. *Brackenseik,* 145 Ill. 231,) and he could legally hold the county court in Cook county. This is not the same question raised in *Stubbings* v. *City of Evanston,* 156 Ill. 338, where it appeared from the record that one person was sole presiding judge of the court and that another person presided during the trial.

The judgment of the county court is affirmed.

*Judgment affirmed.*