THE PEOPLE *ex rel.* Harry R. Smith, County Collector, Appellee, *vs.* PAUL MEERTS, Appellant.

*Opinion filed February 17, 1915.*

1. TAXES—*a grade for a sidewalk must be fixed by ordinance.* A sidewalk ordinance, either directly or by reference to another ordinance, must fix the grade for the sidewalk, as the establishment of the grade is a legislative function, which the city council cannot delegate to a committee or an official of the city, and if no grade is established the ordinance is fatally defective.

2. SAME—*what overcomes the prima facie case made by the collector.* The *prima facie* case made by the collector, on application for judgment and order of sale for a special sidewalk tax, is overcome where the general ordinance referred to by the sidewalk ordinance as fixing the grade for the sidewalk is introduced in evidence and shows that no grade was fixed for any sidewalk.

3. SAME—*when an appeal will not be dismissed because objection to tax is not more specific.* A party objecting to a tax should make his objections sufficiently specific to show the points upon which a decision is asked, but if no motion is made by the People to make the objections more specific and the objections made can fairly be construed to cover the points raised, the Supreme Court will not dismiss the appeal because the objections were not made more specific.

4. APPEALS AND ERRORS—*if appellee considers the abstract insufficient he should file an additional one.* If the appellee considers that the abstract of record prepared by the appellant does not sufficiently set out the evidence he should file an additional abstract setting out the additional evidence upon which he relies.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

J. L. MURPHY, for appellant.

C. N. HOLLERICH, and GILBERT F. WAGNER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an application by the county collector of Bureau county, made in the county court of that county, for judgment and order of sale against certain property belong-ing to appellant, Paul Meerts, located in the city of Spring Valley, upon which a special tax levied by the authorities of said city remained due and unpaid. Meerts filed a number of objections to the application. Upon the hearing in the trial court they were overruled and judgment entered against the property for the special tax and costs. This appeal followed.

The special tax purports to have been levied under an ordinance passed by the city council for the construction of a sidewalk in front of certain property in said city, including appellant's, said ordinance being passed under the provisions of the so-called Special Sidewalk act. (Hurd's Stat. 1913, p. 348.) This ordinance did not fix or make any reference to the grade of the sidewalk. It did, however, refer to a general ordinance, and stated that the walks should be constructed in the manner specified therein. That general ordinance was introduced in evidence by appellant. It does not fix the grade of the sidewalk or street, but states that it shall be the duty of the superintendent of streets, after the passage of any special ordinance providing for the construction of any sidewalk, to have the "line for the sidewalks therein ordered constructed, surveyed and the grade line thereof plainly and truly designated and marked." There are certain other references in this general ordinance

to grades, but it does not fix the grade of this sidewalk or street or refer to any other ordinance which fixes it, and no proof was introduced showing that the grade of this sidewalk or street had ever been fixed by ordinance by the proper authorities. The authorities in this State all agree that a sidewalk ordinance, either directly or by reference to another ordinance, should fix the grade for the sidewalk; that the establishment of this grade is a legislative function, to be exercised by the council, and the power to establish the grade cannot be delegated to a committee or other official of the city; that if no such grade is established the ordinance is fatally defective. *Brewster* v. *City of Peru,* 180 Ill. 124; *Craig* v. *People,* 193 id. 199; *Biggins' Estate* v. *People,* 193 id. 601; *County of DeWitt* v. *City of Clinton,* 194 id. 521; *Pierson* v. *People,* 204 id. 456; *McDowell* v. *People,* 204 id. 499; *Harris* v. *People,* 218 id. 439; *City of Hillsboro* v. *Grassel,* 249 id. 190.

Counsel for appellee argue that a similar ordinance, in a case wherein a similar question of grade was raised, was held sufficient by this court in *Pierson* v. *People, supra.* In this counsel are mistaken. The court said in that case (p. 460) : "There was introduced in evidence an ordinance passed by the city council * * * establishing the grade *. * * of the street upon which the lots of appellant abut." It was because of this proof that the grade, by reference, was held to be sufficiently established.

Counsel, however, further insist that the burden of showing that the grade had not been fixed rested, under the ruling of this court in *Hurd* v. *People,* 221 Ill. 398, upon appellant. Under the holding in that case it would be *prima facie* sufficient for the appellee to show that the statutory steps for the sale of property had been taken by the collector and other public authorities, there being attached to the report of the collector a copy of the ordinance ordering the construction of the sidewalk, as provided in section 4 of the act. In order to be *prima facie* sufficient,

however, the ordinance attached must show, on its face or
by reference, that the grade had been fixed and established.
In the case just referred to, the special sidewalk ordinance
did, by reference to a general ordinance, adopt the grade
thereby fixed. Conceding for the purpose of this case that
the showing, *prima facie,* would have been sufficient if the
general ordinance to which reference was made by the spe-
cial ordinance had not been introduced, that ordinance hav-
ing been introduced and showing no established grade, we
think it is clear, as held under the authorities cited and
commented on in the case just referred to, that the *prima
facie* proof was thereby overcome, and if the grade had
been established it rested upon appellee to prove that fact.
Furthermore, we understand from the briefs here that no
claim is made that there was any ordinance, other than this
general ordinance, that established the grade of the side-
walk or of the street upon which this sidewalk was located.

Counsel for appellee argue that this appeal should have
been dismissed because the objections filed by appellant in
the court below were not sufficiently specific to point out to
appellee the points upon which appellant relied. Objections
should be made in such a manner as to show the point on
which a decision is asked and to give an opportunity to the
opposite party to obviate the objection, if it can be done.
The trial court is not charged with searching for objections
not pointed out. (*Fisher* v. *City of Chicago,* 213 Ill. 268;
*Lingle* v. *West Chicago Park Comrs.* 222 id. 384.) How-
ever, if the objections are not sufficiently specific to put the
opposite party upon notice, the attention of the court should
be called, on the trial, to the fact and a motion made for a
rule to make the objections more specific. If this motion
is not made and the objections can be fairly construed to
cover the point raised in the court below or in the review-
ing court, the latter court will not dismiss the appeal be-
cause the objections were not made more specific. Some of
the objections filed in the trial court are doubtless too gen-

eral in their wording and should have been made more specific, if requested in the trial court. Objection 10, however, specifically stated that no grade had been established for the sidewalk. Beyond question this was sufficiently specific to notify appellee of this point.

Counsel further insist that the abstract does not set out sufficiently the facts relied on by appellant so as to justify this court in reversing the case. It is the duty of the party bringing a case here for review to file a complete abstract of the record, in accordance with the rules of this court. "The abstract must be sufficient to fully present every error and exception relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision unless the opposite party shall file a further abstract, making necessary corrections or additions." (235 Ill. 14.) If the abstract did not set out sufficiently the proof that was taken as to the grade of the sidewalk being established, it was the duty of counsel for appellee to file an additional abstract, setting out the additional points in the evidence upon which they relied. (*Gibler* v. *City of Mattoon,* 167 Ill. 18; *Rehfuss* v. *Hill,* 243 id. 140.) The facts with reference to the grade were set out in the abstract in accordance with what has been stated heretofore. From those facts we can reach no other conclusion than that the grade of the sidewalk was not established. On this record, as presented in the abstract, the trial judge should have sustained the objection of appellant.

Several other very important questions are raised and argued in the briefs, but in view of the conclusion already reached we need not consider them.

The judgment of the county court is reversed and the cause remanded.          *Reversed and remanded.*