(No. 17197.—Reversed and remanded.)
THE VILLAGE OF MILAN, Appellee, *vs.* A. N. LOOBY *et al.* Appellants.

*Opinion filed April 23, 1926.*

1. SPECIAL ASSESSMENTS—*when datum plane for the location of grade of a street improvement is sufficiently established.* Where there is no prior ordinance fixing a village datum, the datum plane for fixing the grade of a street improvement is sufficiently established where the improvement ordinance provides that the datum plane "is referenced to" a certain bench-mark particularly described and the elevation of which is given, the grades being referenced to the datum plane; and it cannot be contended that the location of the plane is ambiguous because it is merely "referenced to" the bench-mark.

2. SAME—*levying assessment in two amounts does not necessarily render it void.* If the total assessment on a certain tract or lot does not exceed the benefits and its proportionate share of the cost, the fact that the tract is assessed in two amounts because a portion of the tract will receive more benefits than the remainder does not render the entire assessment void. ·

3. SAME—*deeds are admissible in evidence to show tract should have been assessed in parcels.* Where the owner of an entire tract assessed for a street improvement has conveyed parts of the land and the deeds have been delivered and recorded before the adoption of the improvement ordinance, in a proceeding to confirm the assessment the deeds are admissible in evidence for the purpose of showing that the land was not owned as one parcel and that the parts should have been assessed separately under section 40 of the Local Improvement act.

APPEAL from the County Court of Rock Island county; the Hon. GEORGE D. LONG, Judge, presiding.

EARL L. SCOTT, for appellants.

JAMES M. JOHNSTON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a judgment of the county court of Rock Island county confirming a special assessment for a local improvement in the village of Milan. The ordinance provides for the pavement of Third street, a north and south street, from its intersection with Dickson street, an east and west street, south to the village limits. The ordinance provided the pavement from Dickson street south to Grant street, a distance of two blocks, which is through a fairly well-built-up portion of the village, should be 25 feet and four inches in width, provided with curb and three catch-basins. For a short distance south of Grant street the pavement was to be 24 feet wide to a point 879 feet south of Dickson street and then taper in a distance of 100 feet down to 18 feet in width, and from there to the south limits of the village the pavement was to be 18 feet wide, without curb, gutter or catch-basin, but was to have three-foot earth shoulders, and a box culvert was to be constructed with a 30-foot roadway. The assessment roll fixed the public benefits at $500, and the balance of the cost is assessed against property abutting the improvement, except that a few tracts fronting Holmes avenue and not abutting the improvement are included in the assessment roll as being specially benefited. All property abutting the improvement where the pavement is 25 feet and four inches wide, with curb and catch-basins, was assessed $5 per front foot. That part of the property abutting the improvement where the pavement is 18 feet wide, without curb or catch-

basin, is assessed $3.25 per front foot. The property on Holmes avenue not abutting the improvement is assessed $2 per foot on its frontage on Holmes avenue. Assessor's lot 43 belongs to appellants, and is 759 feet long by 165 feet wide. It is situated on the east side of Third street, adjoining the south limits of the village, with the long side fronting Third street. The north side of the tract abuts Holmes avenue, which is a "dead end" street a block in length, extending west from Third street. A railroad track running northerly crosses Third street at its intersection with Grant street. Another track of the same railroad crosses Third street a short distance south of Grant street, approximately a quarter of a mile, or a little more, north of the south limits of the village. Appellants' property abutting Third street was assessed $2466.75, and an additional $299.35 on account of its frontage on Holmes avenue. Appellants filed objections to the confirmation of the assessment on the grounds that the ordinance was unjust, unreasonable and oppressive; that their property had been twice assessed for the same improvement; that when the ordinance was passed and at the time the assessment roll was spread the property of objectors had been subdivided and parts of it were owned in severalty by each of the objectors, and it was illegal to assess the property as a whole. It was further objected that appellants' land would not be benefited to the amount it was assessed; that it was assessed more than its proportionate share of the cost of the improvement; and an additional objection was filed that the ordinance was void because no grade was adopted or established by it for the improvement; that the grade attempted to be established by the ordinance is ambiguous, indefinite and uncertain, in that the datum plane, to which the elevation of the grade points for the improvement are referenced, is not designated or established by the ordinance. Upon a hearing the legal objections were overruled, and by consent the objections to the amount and proportion of the benefits assessed against

appellants' land was heard by the court without a jury. After hearing the evidence the court denied propositions of law asked to be held by appellants, overruled the objections and rendered judgment confirming the assessment without modification.

Appellants' first contention is, that the court erred in not holding the ordinance void because the elevations of the grade points were referenced to a datum plane not located or established. The ordinance provided that the improvement "shall coincide with the following grades at the following points with a uniform grade between consecutive points on said street; said grades are referenced to the datum plane, which datum plane is referenced to a bench-mark on the top of the drawbridge over the Illinois and Mississippi canal (Hennepin canal) on the road leading toward Rock Island, which bench-mark has an elevation of 138.65 feet Hennepin datum, which is hereby adopted for this improvement."

It is contended that the datum plane is referenced to the bench-mark on the bridge over the canal, but as it is not stated whether the datum plane is above or below the bench-mark the ordinance is uncertain and ambiguous, whereas the law requires the grade should be definitely established by the ordinance. Reliance is placed on *Brewster* v. *City of Peru,* 180 Ill. 124. In that case a grade ordinance was introduced in evidence, but it failed to show any grade was ever established for one of the streets sought to be paved. For that reason the judgment of confirmation was reversed, but the court said it would be sufficient for the ordinance to refer to an established street grade. In *Village of Northbrook* v. *Sterba,* 318 Ill. 360, the ordinance provided that the village datum should mean that plane fixed by ordinance passed April 16, 1912, as a basis for calculation of grades, and all elevations should be measured from said village datum. The court held the ordinance was sufficient and that it was not essential that the ordinance fixing the datum

be introduced in evidence. Whether in this case there had been any prior ordinance fixing the village datum the same as the ordinance here objected to does not appear, but we are of opinion the ordinance was not void in the respect complained of.

It is complained that $2466.75 was assessed against the whole tract, Assessor's lot 43, and that another amount of $299.35 was also assessed against the same Assessor's lot 43. Appellee contends the aggregate of the two sums represents the benefits appellants' property will receive; that the north part of it is adjacent to Holmes avenue, which runs east and west, and would receive proportionately more benefits than the remainder of the tract, and the additional sum of $299.35 was assessed for that reason, but the aggregate of the two sums does not exceed the benefits to the tract or its proportionate share of the cost of the improvement. We find nothing in the statute which authorizes or forbids that kind of an assessment, nor are we referred to any decision upon the question. Appellants' land was liable to be assessed an amount not exceeding the benefits to it and its proportionate share of the cost of the improvement. While we are not able to see any good reason why the assessment should be divided into two amounts, if the aggregate assessment would have been legal if assessed in one sum we can not say the assessment in two sums rendered it invalid.

On the hearing of the legal objections appellants offered in evidence three deeds executed, delivered and recorded before the passage of the improvement ordinance, from Eliza Jane Looby and her husband, conveying to the grantees, respectively, by particular description, parts of Assessor's lot 43. The tax books showed Albert N. Looby had paid the taxes on the entire tract in 1925, previous to the conveyance, and the whole of Assessor's lot 43 appeared in his name on the assessment roll. Appellants' contention was, that as parts of the tract had been previously conveyed and were owned in severalty the tract should not be assessed

as a whole. The admission of the deeds for that purpose was denied, for the reason the assessment roll showed the name of the party who paid the taxes the last year. Later the deeds were admitted in evidence without objection "for the sole purpose" of showing the interest of the objectors in the land.

Appellants contend section 40 of the Local Improvement act requires that each lot, block, tract or parcel of land shall be assessed separately in the same manner as upon assessment for general taxation, and that when part of a tract is sold before the improvement is inaugurated the parts sold should be separately assessed, and this must be done before the assessment roll can be confirmed. The conveyances of parts of Assessor's lot 43 were made to members of the grantors' family after the taxes that year had been paid and about a month before the ordinance was adopted. Conceding the commissioner knew nothing of the conveyances and assessed the whole tract to the person who paid the tax, appellants offered to prove that the whole tract did not belong to the party who paid the taxes but parts of the tract belonged to other parties. The evident purpose of the statute in requiring each parcel of land to be separately assessed is, that where parts of the lot or tract are owned by different parties each owner is entitled to know just what amount is assessed against his part of the tract or lot. After the conveyances were made the land was not owned as one parcel and could not be assessed under section 41 as "land owned and improved as one parcel." In *Napieralski* v. *West Chicago Park Comrs.* 260 Ill. 628, the court held that where parts of a lot were owned in severalty by different owners it was contrary to the statute to assess the lot as one tract, and that if objections were made to the confirmation of the assessment it would have to be sustained. We think the court erred in refusing to admit the deeds for the purpose offered and in overruling that objection of appellants to the assessment roll.

Upon the question of benefits the testimony was conflicting. There were approximately three acres in the entire tract. It was near the south limits of the village, which part of the village was very sparsely improved by residence buildings. The ground was low, swampy and much of it subject to overflow. The residence of A. N. Looby and wife was on Assessor's lot 43, upon a slight elevation, but most of the tract was low and swampy and the evidence tended to show was only fit for pasture. The village is small, has no industries of any importance, and has not, according to the testimony, as much population now as it had forty-five years ago. There is no activity in the sale of lots in the village. There is some pavement in the north part of the village. The value placed on the tract by appellants' witnesses was $2800 to $3500 and the benefits of the improvement to it about $500. Appellee's witnesses valued the tract now at $4000 to $5000, and after the improvement is completed at $8000 or $9000. Only one sale of property in the vicinity was proved. R. P. Galbraith bought a tract of five acres, with a better house on it than Looby's, for which he paid $5000. It is on the opposite side of the street from the Looby tract. Third street, where it passes appellants' land, is an old macadam street not in good condition. From the description of the village and its lack of thrift, and the character of appellants' land, the testimony creates the impression the assessment of benefits at $2966 is excessive. That amount was within the range of the testimony for appellee but was greatly in excess of the testimony for appellants. We are not satisfied with the proof on the question of benefits, and the judgment will be reversed for the error in assessing the land as one tract and the cause remanded for a new trial on the question of benefits.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*