Oscar H. Haugan, Appellee, v. Israel Carr' et al., Defendants.

Appeal of Hyman Levin and Annie Levin, his Wife, from Interlocutory Order Appointing Receiver, Appellants.

Gen. No. 35,607.

Opinion filed November 9, 1931.

HOLLAND & SHUCHTER, for appellants; SAMUEL H. HOLLAND and IRVING ZIMMERMAN, of counsel.

MILLER, GORHAM & WALES and ANDERSON & ANDERSON, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants, Hyman Levin and his wife, seek to reverse an order entered by the circuit court of Cook county, appointing a receiver in a foreclosure suit. Their contentions are (1) that complainant did not serve them with a notice of his intention to accelerate the payment of some of the unmatured bonds as provided in the trust deed; (2) that there was no sufficient showing that the property was scant security for the indebtedness; and (3) that the receiver's bond was filed before the bond of the complainant. The receiver was appointed on the verified bill and a verified petition.

The bill was filed January 15, 1931, to foreclose a trust deed dated April 1, 1926, given by Levin and his wife to secure an issue of $60,000 bonds, part of them maturing April 1, 1928, and annually thereafter until 1933. From the bill and petition it appears that 18 of the bonds, aggregating $9,000, were paid as they fell due; that on October 1, 1930, there was a default in payment of interest of $615.92; that on April 1, 1931, $3,000 of the principal and $1,530 interest fell due and that there was paid on account of these sums $1,150, leaving a balance due on that date of $3,380; that the general taxes for 1928, amounting to $1,612.42 were unpaid; that the 1929 taxes were due and unpaid; that there were two trust deeds on the property given to secure an indebtedness aggregating $20,000, which were subsequent to complainant's lien, and a judgment of $1,000 against the defendant, Carr, the owner of the

equity of redemption, the property having been conveyed to him after the making of the trust deed in the instant case; that to protect the lien, complainant would be required to pay taxes and assessments against the property, fire insurance premiums and mechanics' lien claims, costs and solicitors' fees; that the premises are improved with a one-story brick garage, having a capacity of 150 cars and were occupied by a tenant who was paying a rental of $600 a month; that the value of the property did not exceed $60,000; that the trust deed provided that upon default a receiver might be appointed without regard to the solvency or insolvency of anyone liable for the indebtedness and without regard to the value of the premises. The trust deed further provided that in case of default in the payment of any of the bonds or interest and such default should continue for a period of 30 days, the trustee might ''by notice in writing to the mortgagors declare the principal of all bonds . . . to be due and payable immediately.'' It further provided that ''All the covenants, promises, undertakings and agreements . . . by or on behalf of the mortgagors, shall be binding upon the legal representatives and assigns, whether so expressed or not''; that the term ''mortgagor'' should include and mean ''all legal representatives and assigns'' of the mortgagors.

The record further discloses that at the time the bill was filed, July 15, 1931, complainant caused to be filed an affidavit of nonresidence in which affiant swears that the defendants, Hyman Levin and Annie Levin, his wife, on due and diligent inquiry, could not be found, so that process could not be served upon them, and that upon due and diligent inquiry their place of residence could not be ascertained, and that their last known place of residence was 1236 Columbia avenue, Chicago. And there is also in the record proof that publication was made to obtain service on Levin and

his wife, and that the clerk of the court sent to them by registered mail at 1236 Columbia avenue such notice, and that the letters were returned to the clerk, the postal authorities having been unable to find them.

July 16, 1931, complainant caused notice to be served on the defendant, Carr, the owner of the equity, that on the following day, July 17, complainant would ask for the appointment of a receiver, and on the same day the written appearance of Carr, Levin and his wife was filed by their solicitors, Holland and Shuchter, and that on that day an order was entered, on motion of the solicitor for defendant, Carr, continuing complainant's motion for the appointment of a receiver to July 29. On July 29, an order was entered, on motion of the solicitor for complainant, continuing the motion for the appointment of the receiver to July 31. This order recites that it was entered by agreement of the parties, and on July 31, the order appointing the receiver was entered.

The order recites *inter alia* that the motion was fully argued by counsel and the court finds that it was necessary for the preservation and conservation and proper management of the property that a receiver should be appointed; that the premises were scant and insufficient security for the payment of the indebtedness secured by the trust deed; that the fair, reasonable market value of the premises was less than the amount of the indebtedness and unpaid taxes and that it was necessary to resort to the rents and profits in order to satisfy the indebtedness.

The court required the complainant to file a bond in the sum of $500, and the receiver a bond in the sum of $5,000. The bond of the receiver was filed and approved August 6, and the bond of the complainant filed and approved August 11. The trust deed pledged the rents, issues and profits of the premises for the payment of the debt secured by the trust deed.

It will be noted that the defendant, Carr, the owner of the equity of redemption, does not appeal from the order appointing the receiver. The appeal is prosecuted only by the defendant, Hyman Levin, who executed the bonds, and his wife, who signed the trust deed.

The contention of the Levins is that the election of the complainant to accelerate the payment of some of the bonds was unavailing because complainant did not serve the Levins, the mortgagors, with a notice of complainant's intention to declare the unmatured bonds due and payable as the trust deed required. The trust deed provides that the trustee may accelerate the payment of any unmatured bonds where there has been a default of 30 days, by giving a written notice to the mortgagors of his intention so to do. And it further provides that the term "mortgagors" shall include the mortgagors' assigns; and the record discloses that the complainant was unable to find the Levins and that he did serve notice on the defendant, Carr, the owner of the equity. In these circumstances, we think the notice was sufficient to authorize the court to appoint a receiver. Whether the Levins will have any defense to the suit on its merits on account of the failure to give them notice, is a matter not before us. Moreover, we think the Levins ought not be heard to complain of the appointment of the receiver on the ground that they were not given the notice required by the trust deed for the reason that they, by their solicitors, entered their appearance on July 17. The motion for the appointment of the receiver was continued on two occasions after that day, once on motion of the solicitors for the Levins and Carr, and the receiver was not appointed until July 31. It therefore affirmatively appears that the Levins were apprised of the fact that complainant was seeking to have a receiver appointed and the record fails to disclose that they made any objection. If

they had objected that there was no showing made that they had been given the notice required by the trust deed, it might be that the bill would have been amended or such showing otherwise made.

Where a motion is made for the appointment of a receiver in a foreclosure suit, and the proper parties have been notified of such application, we think it proper practice to require those who opposed the appointment to specify their objections, so that the court could pass upon them and to permit the complainant to obviate such objections if he were able to do so; and in case a receiver were appointed and an appeal prosecuted, the opposing parties should be confined to the points thus made. The purpose of reviewing a decision of the trial court on appeal is to review the decision of the trial court and points not there urged ought not to be presented on review except those that go to the question of the court's jurisdiction. *Fisher v. City of Chicago,* 213 Ill. 268; *People v. Meerts,* 267 Ill. 210. The holding in these cases we think analogous here.

In the *Fisher* case the court said, p. 270: ''An appeal is allowed for the purpose of reviewing the decision of the county court upon objections filed, and if that court has jurisdiction of the subject matter, the party appearing there must present his objections to that court. Objections must be made in such manner as to show the point on which a decision is asked, and to enable the opposite party to obviate the objection, if it can be done. The county court is not charged with the duty of searching for objections which are not pointed out, and an objection not made in that court must be regarded as waived, and cannot be made for the first time on appeal to this court.''

In equity and good conscience we think the Levins, having been before the court by their solicitors long before the receiver was appointed, and having made no objection, they ought not now be heard to complain

that there was no showing that notice had been given to them. A court of equity does not look with favor upon such procedure.

Nor do we think there is any merit in the Levins' contention that the receiver was erroneously appointed because there was not sufficient showing that the property was scant security for the indebtedness. Just how the Levins could be injured by the appointment of the receiver on the ground that the property was scant security, we are unable to comprehend, and it is elementary that unless they would be injured on this ground they cannot complain in a court of chancery. The trust deed pledged the rents and profits as well as the property for the payment of the indebtedness and by the appointment of the receiver the rents would go towards the reduction of the debt, which would be of benefit to the Levins. Further, it appears that there was a default in payment of interest October 1, 1930; that $3,380 more was due April 1, 1931, which included principal and interest; the taxes for 1928, 1929, amounting to more than $1,600 a year were unpaid; and that the property was not worth more than $60,000. There was about $60,000 due under the terms of the trust deed, and in view of the specific pledge of the rents and profits, and the stipulation of the appointment of the receiver in the trust deed, and in view of the uncertainty as to whether, at the foreclosure sale the property would bring in an amount sufficient to satisfy the debt, we think the appointment was warranted. *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76. The fact that the complainant's bond was not filed until a few days after the receiver's bond was filed, is a mere irregularity of no consequence.

The order of the circuit court of Cook county is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.